JOHN D. FIELD, plaintiff in error, *vs.* WILLIAM S. BOYN-TON, administrator of DAVID B. SQUIRES, defendant in error.

1. The entries or memoranda made by a person in the course of his business, and against his interest at the time of making them, and who is since deceased, are admissible as evidence in a suit between third persons.

2. The declaration of one, whether verbal or in writing, of a matter which is against his interest at the time, and who is since deceased, is admissible as evidence in a suit between third persons, whether such declaration relates to the present or past occurences.

3. A color of title to aid possession is anything in writing connected with the title which serves to define the extent of the claim.

Ejectment, in Lumpkin Superior Court. Tried before Judge RICE, at February Term, 1862.

This was an action for the recovery of lot Number 1028, in the 12th district of Lumpkin county. Plaintiff showed title in his intestate by a grant from the State, dated 11th of August, 1854, produced his letters of administration and proved possession by defendant at the time of action brought, 29th June, 1860. He also proved by one Ralston, that although defendant went into possession, together with witness, in 1846 or 1847, he made no claim of title to the lot until 1850, at which time witness abandoned his possession.

Plaintiff here closed, and defendant tendered in evidence an old mutilated book from the sheriff's office of Lumpkin county, purporting to be a memorandum of sheriff's sales, with the following entry on the first page:

William Wood's sales book for 1840 and 1841.

February sales, 1840.

    343, 13, 1, North B. M. Smith......................$5 00

On several succeeding pages appeared similar entries, part of the leaves being torn off so that the figures following the character $ could not be seen, and further on appears the following respecting the lot sued for:

November sales, 7th day, 1843.

    1028, 12, 1, J. D. Field.

Defendants showed that the book had been in the sheriff's office in its mutilated state from 1850, that J. S. Chastain was sheriff in 1843, and that the entry last named was in his handwriting, and that Chastain was dead.   The Court rejected this book as evidence on the objection of plaintiff, because it was no evidence of a sale by the sheriff, the mutilations were not accounted for, and because it was a mere private memoranda, and not an execution docket authorized by law.

To this ruling of the Court defendant excepted.

Defendant next proposed to read to the jury as evidence of the sale of the lot, the payment of the purchase-money and as color of title in aid of defendant's possession, first proving the handwriting of Chastain, and that he was not sheriff in 1846, but had been in 1843, the following receipt:

Received of John D. Field four lot Number 1028, 12, 1, sold on November, 1843, this 10th October, 1846.

J. S. CHASTAIN,<br>Former Sheriff Lumpkin County.

Plaintiff objected to the introduction of this receipt, on the grounds that it was not evidence of a sale by the sheriff, did not show a consideration or any process under which a sale was made, that it was not evidence of any *bona fide* color of title, that Chastain was not sheriff at the date of the receipt, and because it was not contemporaneous with the transaction and no part of the *res gestæ*.   The objection was sustained and defendant excepted.

Defendants then tendered a deed made by Henry G. King, sheriff of Lumpkin county, to defendant to said lot, dated 28th July, 1860, duly attested and recorded, and which recites that, " in obedience to a writ of *fieri facias* issued out of a Justice's Court of Lumpkin county at the suit of John Wills against Samuel King, Jeremiah Chastain, former sheriff of said county, did lately seize the lot of land hereinafter described as the property of Samuel King," etc., proceeding to recite the usual other facts, and making the usual conveyance contained in a sheriff's deed.   Defendant proved by J. Worley that he, witness, had been a Justice of the Peace in

Field *vs.* Boynton, adm'r.

the district of said county in which the land was situated, and where Samuel King lived, from 1835 to 1840, and that he had issued several *fi. fas.* from his Court in favor of John Wills against said King, and that he did not know where any of them were.   JOHN S. EARLY, present sheriff, testified that at the instance of defendant's counsel he had searched the sheriff's office for said *fi. fa.*, and could not find it. Defendant then produced the certificate of James Rutherford and W. R. Crisson, Justices of the Peace of the district in which King had lived, stating that such *fi. fa.* could not be found in their offices.   Defendant's counsel then stated in his place, that he had made diligent inquiry of his client, and at such other places as it might probably be found, and had failed to find it.   Defendant then proceeded to read said deed to the jury, and plaintiff objected to its going in evidence.   The Court decided the deed to be inadmissible as color of title, because it was made since the commencement of the suit, or as evidence of title unless the execution recited therein was produced, or its existence established by proof, and its absence satisfactorily accounted for.   To which decision defendant excepted, and assigns here as error the various rulings of the Court herein excepted to.

BLECKLEY, for plaintiff in error.

BUTLER, for defendant in error.

*By the Court*—LYON, J., delivering the opinion.

1. The entries or memoranda of sales by the sheriff in a book, kept by him and in his office for that purpose, he being dead, ought to have been admitted as evidence, on the ground that they were entries made in the course of his official business, against his interest at the time when made, and that he is since deceased.   1 Greenleaf on Evidence, section 147, and cases cited.

2. Upon the same principle and for the same reason, the receipt of the sheriff for the purchase-money, although made long after the occurrence of the transaction, and after he was

out of office, was admissible, and ought to have been allowed by the Court to go to the jury as evidence. Declarations of this character are received in consequence of the death of the party making them. They embrace not only entries in books, but all other declarations or statements of facts, whether verbal or in writing, and whether they were made at the time of the fact declared or at a subsequent day. To render them admissible, it must appear that the declarant is deceased, that he possessed competent knowledge of the facts, or that it was his duty to know them, and the declarations were at variance with his interests. 1 Greenleaf on Evidence, section 147.

As the evidence offered possessed all these requisites it ought not to have been rejected. The fact that the memoranda of sheriff sales had been mutilated by tearing off the amount at which the land sold, does not alter the rule, such mutilation not having been done by the party offering it, nor so material as to destroy the value of the entries. There is enough left to establish the fact that the defendant desired to prove, which was, that the land was sold at sheriff's sale and that he was the purchaser.

3. The point to which this testimony tends, and on which depends its materiality is, whether it constitutes a *color of title* sufficient to create an adverse holding. We hold that it is. Color of title is anything in writing connected with the title which serves to define the extent of the claim. Watts vs. Smith, 19th Georgia, 12 ; Beverly vs. Burke, 9th Georgia, 444 ; S. C., 14th Georgia, 12. It is wholly immaterial how imperfect or defective the writing may be, considered as a deed, if it is in writing and defines the extent of the claim, it is a sign, semblance or color of title. An entry by the sheriff on the *fi. fa.* of the levy, sale and purchase of the land has been held sufficient : Watts vs. Smith, 19th Georgia, 12; and so has sheriff's deed, although unaccompanied by the execution : Burkhalter vs. Edwards, 16th Georgia, 593. In this case there is evidence of a purchase at sheriff's sale and the payment of the purchase-money, evidenced by the written memoranda and receipt of the purchase-money by the sheriff, who made the sale. These are sufficient to constitute color

of title in aid of possession. And if the defendant has had actual possession of the lot, *bona fide,* claiming title under the same for seven years prior to the commencement of the suit, his is the paramount title.

Let the judgment be reversed.

Mr. Justice JENKINS dissented from the judgment of the majority of the Court in this case.