Umback *v.* Lake Shore and Michigan Southern Railway Company.

---

No. 7902.

UMBACK *v.* LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY.

NEGLIGENCE.—*Master and Servant.—Defective Machinery.—Injury to Servant.*—When a servant of mature age voluntarily continues in an employment, the hazards of which he knows are increased by reason of the use by his principal of faulty machinery, he can not recover for injury resulting from the use of such machinery.

Umback v. Lake Shore and Michigan Southern Railway Company.

SAME. —Case Criticised.—St. Louis and South–Eastern Railway Company v. Valirius, 56 Ind. 511, as to the nature and extent of a master's duty to his servant to furnish safe appliances and machinery, criticised.

From the Laporte Circuit Court.

S. L. Trippe, for appellant.

J. I. Best, for appellee.

ELLIOTT, J.—The first paragraph of the appellant's complaint charges that Umback was a servant of the appellee, engaged in performing duties as a switchman; that his employment imposed upon him the duty of coupling and uncoupling cars; that the appellee wrongfully and negligently used unsafe and dangerous cars, known as the Empire cars, and that by reason thereof he was injured. The second paragraph contains the same statements as to the employment and duties of Umback, and alleges that the appellee, with knowledge of the unfitness and incapacity of a superior agent, retained him in its service, and that through such agent's incapacity and carelessness an injury was sustained by Umback. The third alleges that the appellee negligently omitted to adopt proper rules and regulations for the government of its agents and servants, and that by reason of such omissions Umback was injured while engaged in the performance of the duties of his service. In all of the paragraphs it is averred that he was a minor, nineteen years of age.

The answer of the appellee was in several paragraphs, to some of which appellant unsuccessfully demurred.

It is assumed, by appellant's counsel, that the paragraphs demurred to present substantially the same questions, and we copy from his brief so much of the answer as he informs us presents the questions which he desires us to consider and determine. The part of the answer selected by counsel is addressed to the first paragraph of the complaint, and is as follows: "That at the time of the happening of said accident, and for more than fifteen months immediately prior thereto, the plaintiff had been constantly in the employ of

the defendant, as such switchman, at its station at Elkhart, engaged in coupling, uncoupling and switching cars; that during all that time the defendant had no reason to know or suspect that the plaintiff was not a person of at least ordinary capacity, in the full possession of his faculties, and fully able to understand the duties and hazards of such employment; that during all that time it had been the custom for a large number of Empire cars to pass back and forth over defendant's road; that plaintiff had been daily called upon to couple and uncouple such cars, and had full opportunity of knowing the appliances thereof and the proper manner of handling such cars in coupling, and remained voluntarily in the service of the defendant." The paragraph also contains a specific denial of all the allegations of the complaint, not directly responded to by the answer.

It is no doubt true, as the appellant contends, that a master is bound to provide safe and suitable machinery for the use of his servant, and not to expose him to unnecessary or unreasonable danger. The obligation of the master to provide suitable and safe machinery and appliances does not, however, impose upon him the duty of using extraordinary care and diligence, but does require him to be ordinarily careful and diligent. In discussing this question in *Fuller* v. *Jewett*, 80 N. Y. 46; S. C., 36 Am. Rep. 575, ANDREWS, J., said: " But the duty of the master to furnish suitable and safe machinery, and to keep the same in repair, is relative and not absolute. He is only bound by himself and his agents to exercise due care to that end." Substantially the same doctrine is declared in *Lake Shore, etc., R. W. Co.* v. *McCormick,* 74 Ind. 440, where a statement indicating a different view made in *St. Louis, etc., R. W. Co.* v. *Valirius,* 56 Ind. 511, is unfavorably criticised, and, in our opinion, the criticism is deserved. But, granting the general rule will not carry the conclusion that the answer under examination is bad, the pleading introduces another element into the case, for it avers that the ser-

vant had knowledge of the character of the machinery, and with such knowledge voluntarily continued in the service of the appellee. We have then the case of a servant voluntarily continuing to discharge the duties of a service which he knows to be hazardous, and engaged in operating machinery which he has full information exposes him to constant and certain danger. The law allows no recovery in such cases. By continuing in the master's service after being fully apprised of its dangerous character, the servant takes upon himself all risks incident to such service. Wharton thus states the rule : "When an employee, after having the opportunity of becoming acquainted with the risks of his situation, accepts them, he can not complain if he is subsequently injured by such exposure." Whart. Negl., section 214. In addition to the authorities cited by the author, we refer to *Smith* v. *St. Louis, etc., R. W. Co.,* 69 Mo. 32 ; S. C., 33 Am. Rep. 484 ; *Rains* v. *St. Louis, etc., R. W. Co.,* 71 Mo. 164 ; S. C., 36 Am. Rep. 459 ; *Devitt* v. *Pacific R. R.,* 50 Mo. 302 ; *Kelley* v. *Silver Spring Co.,* 12 R. I. 112 ; S. C., 34 Am. Rep. 615, authorities in *n.* p. 625 ; Cooley Torts, 559 ; *Pennsylvania Co.* v. *Lynch,* 90 Ill. 333 ; *Gibson* v. *Erie R. W. Co.,* 63 N. Y. 449 (20 Am. R. 552).

We are not required to decide upon the liability of a master who places an infant servant of tender years in a situation which exposes him to danger ; for the answer, by its affirmative statements, as well as by its denials, makes the case to be that of a plaintiff of full age and sufficient capacity.

The instructions are also complained of ; but, as the evidence is not in the record, we can not say that they were erroneous, for we can very easily suppose a state of facts under the issues which would make them entirely relevant and proper, and where this is so the ruling will be sustained.

Judgment affirmed.