No. 10,622.

## THE PENNSYLVANIA COMPANY v. LONG.

NEGLIGENCE.—*Action by Parent Against Employer of Child.*—*Injury, Resulting in Death.*—*Evidence.*—*Declarations of Deceased.*—*Railroad Company.*—*Employment of Minor.*—In an action by a widowed mother against a railroad company for damages for the death of her minor son, employed by the defendant without her consent, wherein the complaint alleged that the deceased came to his death by reason of injuries received by him while performing certain dangerous work at which he had been put by the defendant, and in which he was unskilled, declarations by the deceased, made prior to the accident, that he was skilled in such labor, are inadmissible in evidence against the plaintiff.

SAME.—*Presumption.*—Employment of such minor, without the parent's consent, will, in the absence of other evidence, be presumed to be against the parent's will.

SAME.—*Instruction Assuming Negligence From Dangerous Employment.*—*Machinery.*—An instruction is erroneous in such case, which assumes that the defendant was culpably negligent merely because the employment in which the deceased was engaged was dangerous, and the different parts of the machinery were not adapted to each other.

From the Gibson Circuit Court.

*S. O. Pickens,* for appellant.

*G. G. Reily, W. C. Johnson* and *W. C. Niblack,* for appellee.

BICKNELL, C. C.—This was an action by the appellee, a widow, against the appellant, to recover damages for the death of James B. Long, her son, seventeen years old, who was killed in the appellant's service while undertaking to couple two of its cars at the city of Vincennes.

The complaint stated that the plaintiff's son was living with her and had no guardian; that defendant, without the knowledge or consent of the plaintiff and against her will, employed her son as a workman; that he had no experience in the work and was ignorant of its dangerous character; that the work consisted in part of making up trains, which was very dangerous; that in said work he was required by the defendant to assist in. coupling two passenger cars on a sharp curve, which cars had couplings of different shapes

and unfit for coupling together, one of them being a straight draw-head, and the other a crooked draw-head, called the Miller patent, intended to fit in another crooked draw-head, and which would not readily connect with a straight draw-head; that the deceased, while one of said passenger cars was driven backward by an engine toward the other car, was directed by defendant to walk at the rear of the moving car, to couple it with the other, and when the cars came together, the said draw-heads, instead of meeting together and keeping the platforms of the cars apart, as they would have done if properly constructed, passed each other and let the platforms come together, so that they caught the deceased and killed him, without fault of the deceased or of the plaintiff, to plaintiff's damage $5,000.

The defendant answered by a general denial.

The issue was tried by a jury who returned a verdict for the plaintiff for $1,000, with answers to the defendant's interrogatories, as follows:

"1. Does the evidence show that the injuries from which the plaintiff's son died were received while making a coupling between two couplers known as the common draw-bar and the Miller coupler?    Answer: Yes.

"2. Does the evidence show that both these kinds of couplers were in common use together upon the railroads of Indiana and at Vincennes, at and about the time of the injury? Answer: No.

"3. Was the plaintiff's son informed how to make the coupling?    Answer: No.

"4. Was the plaintiff's son cautioned against the danger involved in making couplings?    Answer: Yes."

A motion for a new trial and a motion in arrest of judgment by the defendant were overruled; judgment was rendered on the verdict and the defendant appealed.

The errors assigned are overruling the said motions.

Ten reasons were presented for a new trial, but the first of these is abandoned by the appellant. The second is that

" the court erred in excluding from the jury the evidence of Robert Henry, a witness for defendant, which evidence consisted of statements made by James B. Long at and during the time he was in the employment of the defendant, and during the four or five days next before the day of the injury; that he, said James B. Long, knew how to couple cars, and had made couplings often before that time in the defendant's yards at Vincennes."

As against the plaintiff, these declarations of her son in her absence were mere hearsay, and were properly excluded. The rights of the mother could not be defeated or qualified by such declarations of the son. Such declarations, in reference to an employment entered into without the mother's consent, could not affect her legal rights resulting from such employment and its consequences.

The third cause for a new trial is that the court erred in giving instructions to the jury. Instruction No. 2, given by the court of its own motion, is as follows:

" The facts necessary for the plaintiff, under the allegations of her complaint, to prove, in order to entitle her to a verdict, are the following: That in the month of December, 1879, James Long was in the employment of the defendant, and, at said time, while in the line of his employment and engaged in the effort to couple two passenger cars, he was crushed and killed between the platforms of the two coaches; that the plaintiff was the mother of said James, and that his father was dead at said date; that without the plaintiff's consent the defendant employed said James, he being under twenty-one years of age, to work in its railroad yard, and that among the duties of said employment was the coupling of cars; that on the night he was killed he was engaged, under the direction of the defendant, in assisting to make up a passenger train, and in pursuance of the direction of the defendant was required to pass and did pass onto the track between two cars in order to effect the coupling, and that, while he was between the cars, and owing to the want of adapta-

tion to each other of the Miller patent and common draw-bar couplers on the two cars, the platforms of the two cars came so nearly together as to crush and thereby kill him; that the effort to make such coupling was dangerous to the person making it; that the plaintiff incurred some expense in his burial, or that his services from the period of his death until of full age would have been of some value to her."

It is claimed that this instruction is erroneous, because it states that there may be a recovery by the parent, where the employment of the minor is without the parent's consent. The appellant claims that there can be no recovery by the parent unless the employment was not only without the consent, but was also against the known will, of the parent.

In *Grand Rapids, etc., R. R. Co.* v. *Showers*, 71 Ind. 451, the averment and the proof were that the employment of the child was against the parents' will, and this court held that such an employment might be the basis of liability. Where, however, the employment is without the parents' consent, and nothing further is shown, it is presumptively against the parents' will.

The right of the mother to recover in such cases is recognized in *Ohio, etc., R. R. Co.* v. *Tindall*, 13 Ind. 366; *Hollingsworth* v. *Swedenborg*, 49 Ind. 378 (19 Am. R. 687); *Rogers* v. *Smith*, 17 Ind. 323; *Long* v. *Morrison*, 14 Ind. 595; *Boyd* v. *Blaisdell*, 15 Ind. 73.

There is no intimation in any of these cases that the liability of the employer to the parent can not exist, unless the child was employed against the parents' *known* will. We think the instruction was not erroneous in this particular.

The appellant's counsel objects to instruction No. 2, that it told the jury, substantially, that if the deceased, being under twenty-one years of age, was put at work by the defendant in a dangerous place, the plaintiff ought to recover; but such is not the effect of the instruction. Its statement is that if the deceased, being under twenty-one years of age, was employed by the defendant, without the plaintiff's consent, and

was set to work coupling two cars, one of which had a Miller patent coupler and the other a common draw-bar coupler, and that if this was dangerous work, and if by reason of the want of adaptation to each other of the two couplers, the platforms of the cars came together and crushed and killed the deceased, then, upon proving such facts, the plaintiff could recover.

The statute provides that the mother may maintain an action for the injury or death of a child.   R. S. 1881, section 266.   But the death must be caused by the wrongful act or omission of another.   R. S. 1881, section 284.

The mere employment of a minor, without his parents' consent, could not be the proximate cause of his death, and merely putting him in a dangerous employment would not create liability for his death thereby, unless it appeared that he was inexperienced, and that the defendant failed to instruct him how to avoid the danger; but if the couplers were not fit to couple, one of them being straight and the other crooked, and if by reason of such unfitness the couplers did not meet, but passed each other and let the cars come together and crush the deceased, then, if the law is that the use of such couplers is conclusive evidence of culpable negligence, the second instruction was right; otherwise it was wrong.

The instruction assumes that the use of such couplers was culpable negligence.   In this we think the court erred.   The rule in relation to negligence of a railroad company in the use of machinery and appliances should have been stated, and it should have been left to the jury to determine whether, in the present case, applying that rule to the facts, culpable negligence existed.

In *Lake Shore, etc., R. W. Co.* v. *McCormick*, 74 Ind. 440, this court said : " The master's obligation is not to supply the servant with absolutely safe machinery, or with any particular kind of machinery ; but his obligation is to use ordinary and reasonable care not to subject the servant to extraordinary or unreasonable danger."

In *Umback* v. *Lake Shore, etc., R. W. Co.*, 83 Ind. 191, this

court said: " The obligation of the master to provide suitable and safe machinery and appliances does not, however, impose upon him the duty of using extraordinary care and diligence, but does require him to be ordinarily careful and diligent."

In *Fuller* v. *Jewett*, 80 N. Y. 46 (36 Am. R. 575), it is said: " But the duty of the master to furnish suitable and safe machinery, and to keep the same in repair, is relative and not absolute. .He is only bound by himself and his agents to exercise due care to that end."

In *Louisville, etc., R. R. Co.* v. *Orr*, 84 Ind. 50, in was held erroneous to instruct a jury that " It would be negligence upon the part of the defendant to use a crab for hoisting timbers that was defective in its construction, when said crab could have been made complete and safe, or there were others to be secured that were complete and not dangerous."

The court said: " This instruction renders the master liable, if the machinery is defective, however much care and prudence have been exercised in its selection or use. * * * The defendant, in the absence of negligence, was not liable, because it did not have the best crab in use."

These cases show that the instruction under consideration was erroneous in assuming that it was culpable negligence in the defendant to .use the Miller patent coupler to couple with a common draw-bar coupler. The case of *St. Louis, etc., R. W. Co.* v. *Valirius*, 56 Ind. 511, so far as it is in conflict with the subsequent cases above cited, can not be followed; it was upon this point condemned in *Umback* v. *Lake Shore, etc., R. W. Co., supra*, and in *Lake Shore, etc., R W. Co.* v. *McCormick, supra*.

The employee in this case was a minor. It is true that it tends to show gross negligence in a railway company to employ an inexperienced person, knowing him to be such, in any hazardous and dangerous business, unless such company makes known and explains fully the hazard and danger, and instructs such person how to avoid the danger.

It is also true that youth is evidence of inexperience, and

The Pennsylvania Company v. Long.

that in general greater strictness of the rule should be required in the employment of minors than in the employment of persons of maturer age. But these considerations do not change the rule laid down in the cases above cited and herein relied on.

Instruction No. 2 can not be sustained, because it asserts absolutely as matter of law that if the work was dangerous and the deceased was killed by reason of the want of adaptation to each other of the two couplers, the plaintiff would have a right to recover; whereas, it was the office of the jury to determine, whether under the law, correctly stated, culpable negligence existed on the part of the defendant.

As the judgment must be reversed for the error in instruction No. 2, it is unnecessary to consider the other errors assigned.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment of the court be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.

Filed Dec. 13, 1883.

ON PETITION FOR A REHEARING.

BICKNELL, C. C.—The appellee in this petition claims that the instruction was right, and that if wrong it was harmless. The instruction was not right, because it stated that the plaintiff would be entitled to recover on proving that it was dangerous to make such a coupling, and that the deceased was directed to make it, and that in making it he was killed by reason of the want of adaptation to each other of the two couplers.

A great deal of work about railways is dangerous. It does not follow that because the work required is dangerous, therefore, if the workman be hurt, the employer will be liable. The jury should have been told: If you find that such facts are proved, and also find that they show negligence in the defendant, the plaintiff may recover.

The instruction, as given, means either that such facts of themselves constitute negligence, which the judge had no right to assume, or else it means that such facts, if proved, were sufficient to authorize a recovery without reference to the question of negligence, and in either view the instruction was wrong. It states that the plaintiff will be entitled to recover if certain facts are proved, of which negligence is not one. Such an instruction could not be harmless; it may have caused the verdict; the presumption is it did. The petition should be overruled.

PER CURIAM.—The petition for a rehearing is overruled.

