OCTOBER TERM, 1886.    237

The East Tennessee, Virginia and Georgia Railroad vs. Maloy.

THE EAST TENNESSEE. VIRGINIA AND GEORGIA RAILROAD vs. MALOY.

1. Where suit was brought against a railroad company by the parent of a minor son, to recover for the homicide of the minor, caused by such company, it was error to permit a witness to testify that the conductor of the train, who was on the engine at the time of the accident, told the witness shortly thereafter, in answer to a question as to how it happened, that the engineer told him that he had pulled back the reverse-lever of the engine and it flew back, giving the train a jerk, which threw the son of the plaintiff from the back of the tender and the cars ran over him. Such testimony was mere hearsay and inadmissible.

2. Testimony that the plaintiff's son, prior to his death, made a certain statement as to how the injury was done, was inadmissible, such a statement not being at or near the time of the accident so as to be admissible as part of the *res gestæ*. Dying declarations are not admissible in civil cases.

3. Where a husband and wife were living separately, and the wife was using the wages of her minor son for the support of herself and her minor children, a suit for his homicide, brought by her in her own name and in the name of her husband for her use, could be maintained; and a charge to that effect was not error.

4. Railroad companies are not liable to employés as they are to pas-

sengers, but in an action by an employé against a railroad company for an injury to him, or by one who sues for his homicide, it must be shown either that such employé, at the time the injury was received, was free from fault, or that the company was at fault, before any presumption of negligence would arise against the defendant. If either one of these things were shown, the other could be presumed, and the *onus* would be upon the company to rebut that presumption ; but the rule as to passengers is different.

5. In a suit brought for the killing of an employé by a railroad company, it was error to charge as follows : "A railroad company shall be liable for any damage done to persons, stock or other property by the running of the locomotive or cars or other machinery of such companies, or for damage done by any person in the employment and service of such companies, unless it shall appear from the evidence that their agents have exercised all necessary and reasonable care and diligence, the presumption in all cases being against the company, with the following modifications, that where the party injured was in a position to control the movements of the train, such as an engineer was, or a conductor injured in the running of the train, that the presumption of negligence did not arise against the company ; but this modification did not apply to one who was engaged to sweep out the train, or like employés, such as firemen."

6. The doctrine of contributory negligence does not apply to the case of an injury sustained by an employé, so as to permit him to recover, but to diminish the amount of the recovery in proportion to the fault attributable to him. In order to recover, he must be free from fault; and if the injury is sustained by him in consequence of any fault or negligence on his part, he cannot recover. And where a suit was brought by the parent of a minor employé to recover for the killing of her son, the parent could not recover unless he could have done so if he were in life.

February 26, 1887.

Railroads, Damages. Negligence. Evidence. *Res Gestæ.* Dying Declarations. Husband and Wife. Parent and Child. Before Jacob Watson, Esq., judge *pro hac vice.* Dodge Superior Court. February Term, 1886

Reported in the decision.

Roberts & Smith, for plaintiff in error.

DeLacy & Bishop, by brief, for defendant.

BLANDFORD, Justice.

This was an action brought by the plaintiff against the defendant for damages, which she alleged she sustained by reason of the defendant company having, by the carelessness of its servants and agents, killed a minor son of hers. A verdict was rendered for the plaintiff and a motion made for a new trial; and upon its denial, exception was taken and error assigned as follows:

(1.) Because the court erred in admitting the testimony of F. S. King, to the effect that Mr. Burke, the conductor of the train, who was on the engine at the time of the acci-dent, told witness, in reply to the question of how it happened, that Mr. Norris, the engineer, told him he had pulled back the reverse-lever of the engine, and it flew back, giving the train a jerk, which jerked young Maloy off from the back of the tender of the engine and the cars ran over him.

1. We think this was error. It was a statement made shortly after the accident by the conductor to the witness of what he heard the engineer state. This is mere hearsay testimony, and for that reason was inadmissible.

(2.) "Because the court erred in admitting the testimony of Dr. Herman, that prior to his death young Maloy said that the train had stopped to take on water at the tank below Eastman, and the engine suddenly backed the train and jerked him off between the cars, where he was run over."

2. We think this evidence was inadmissible. The statement was not made at or near the time of the accident, so as to be admissible as a part of the *res gestæ*, but from aught that appears in the record, it may have been made long afterwards, and it is of itself mere hearsay. It cannot be admitted on the principle of dying declarations, although the party died shortly afterwards, no such declarations being admissible in a civil case, but in criminal cases only.

In the fourth ground of the motion for new trial, complaint is made that the testimony of Dr. C. T. Latimer and F. S. King was admitted by the court to the same effect; and we think it was inadmissible for the reasons already stated.

(3.) Error is further complained of because the court charged the jury that if Mrs. Maloy was living separate from her husband, John Maloy, and was using the wages of her son, Thomas Alexander Maloy, for the support of herself and her other minor children, she was entitled to recover, subject to the other modifications given hereafter.

3. We see no error in this charge of the court. The action is not only in the name of the mother of the deceased, who was a minor, but in the name of the father for her use, and she could well maintain the action under these circumstances.

(4.) The next assignment of error is, that the court erred in charging the jury that " the liability of a railroad company to an employé was the same as to a passenger for injuries inflicted by the negligence of co-employés," charging in the same connection that " railroad companies are common carriers, and liable as such. As such companies necessarily have many employés who cannot possibly control those who should exercise care and diligence in running trains, such companies shall be liable to such employés as to passengers for injuries arising from the want of such care and diligence."

4. We think that every proposition contained in this charge was error. Railroad companies are not liable to employés as they are to passengers; but in an action by an employé against a railroad company, or by one who sues for the death of an employé, it must be shown that such employé, at the time the injury was received, was free from fault, or that the defendant company was in fault, before any presumption would arise against the company of negligence. Where it is shown that the company itself is at fault, then the presumption is that the employé was

not at fault; or where it is shown that the employé was free from fault, then the presumption would arise that the company was at fault, and the *onus* would be upon it to remove that presumption by showing proper diligence. But a different rule applies in regard to passengers. Where an injury is sustained by a passenger by reason of the running of the cars of a railroad company, the presumption is that the railroad company was at fault, and it is incum-' bent upon such company to remove the presumption by showing that it used all reasonable and ordinary care and diligence to prevent the injury.

(5.) "Because the court erred in charging the jury, 'A. railroad company shall be liable for any damage done to persons, stock or other property by the running of the lo- comotive or cars or other machinery of such companies, or for damage done by any person in the employment and service of such companies, unless it shall appear from the evidence that their agents have exercised all necessary and reasonable care and diligence, the presumption in all cases being against the company, with the following modifica- tions, that where the party injured was in a position to con- trol the movements of the train, such as an engineer was, or a conductor injured in the running of the train, that the presumption of negligence did not arise against the com- pany; but this modification did not apply to one who was engaged to sweep out the train, or like employés, such as firemen.'"

5. We think this charge also error, for the reason stated above.

(6.) "Because the court erred in charging the jury that, 'If the railroad was at fault, and the party injured blame- less, there could be a recovery for the full amount proven, but if both parties are at fault, the recovery should be di- minished by the jury according to or in proportion to the negligence of the party injured in the premises. No person shall recover damages from a railroad company for injury to himself or his property when the same is done by his

v 77-16

consent, or is caused by his own negligence. If the party injured and the agent of the company are both at fault, the person may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him.'"

6. This charge was also error; and the doctrine of contributory negligence does not apply in the case of an injury sustained by an employé. He must be free from fault, and if the injury is sustained by him in consequence of any fault or negligence on his part, he cannot recover, and in this case, the employé being dead, and the suit being by the parent to recover damages for the killing of a minor son, she cannot recover unless, if he were in life, he could recover. She stands in no better condition than the deceased would have stood in, had he not been killed and was present before the court.

The judgment is reversed because the court refused a new trial.

Judgment reversed.