have been legally filed. That court had no jurisdiction of the attachments and consequently no jurisdiction of the declarations which were based upon them. The defendant could not be. brought into the city court by that means. If he chose to come voluntarily and thereby waive the question of jurisdiction, he could do so, by virtue of §3460 of the code, so far as his own rights were concerned, but not so as to prejudice third persons. As this section has been construed in cases heretofore decided by this court, other creditors of his are to be considered as third persons, and as they cannot be prejuduced by his waiver in respect to jurisdiction, their general judgment liens against his property are to be treated just as though the judgment requiring this waiver to support it had never been rendered. Had the attachments belonged to a class over which by any legal possibility the city court could have exercised jurisdiction, then the sections of the code cited would have been applicable, for the attachments would have been such as these sections speak of and refer to. But with attachments ordered and issued on the ground of fraud, no matter by whom the order is made, the city court has no concern. Relatively to that court such an attachment is none at all, and the defendant might as well have gone there and confessed judgment without any process ever having issued to call for his appearance as to have gone in consequence of these attachments, they being utterly void so far as the city court was concerned.

*Judgment affirmed.*

---

POOLE *v.* EAST TENN., VA. & GA. RAILWAY CO.

In a suit by a widow against a railroad company for the homicide of her husband, wherein she alleged that his death was caused by the negligence of the company in failing to repair a private crossing over its track, declarations of the husband made to his wife

v 92-22

and others, after he had ridden a half mile from the crossing, to the effect that he was riding a mule over the crossing and that the mule had fallen because of a hole therein, and had thus injured him, were inadmissible, not being a part of the *res gestæ*. *Newsom* v. *Ga. Railroad*, 66 *Ga.* 57; *Railroad Co.* v. *Randall*, 79 *Ga.* 304; *Railroad Co.* v. *Holland*, 82 *Ga.* 258.        *Judgment affirmed.*

March 10, 1893. Argued at the last term.

Action for damages. Before Judge JANES. Paulding superior court. August term, 1892.

Mrs. Poole sued the railway company for the homicide of her husband, alleging that his death resulted from injuries received by the mule he was riding getting its foot caught in a hole or crack of a private way crossing over the railroad track, which crossing had been allowed by the defendant to become dangerous by reason of rotten planks, etc., in the same, whereby deceased was suddenly thrown from the mule, and being unable to free himself from the stirrups, was violently jerked and wounded by the animal in its efforts to extricate its foot. The only evidence of the cause of the injuries was that synopsized in the head-note. This evidence was excluded, and the plaintiff was nonsuited.

J. O. GARTRELL, C. D. McGREGOR and J. J. NORTHCUTT, for plaintiff.

DORSEY, BREWSTER & HOWELL, for defendant.

***

WAYNE, administrator, *et al.* v. BLUN.

1. The letters improperly admitted in evidence were not sufficiently material to require a new trial.
2. While the presiding judge submitted to the jury some unnecessary and some inappropriate questions, yet the proper questions submitted and answered covered the whole substance of the controversy, and the answers made thereto by the jury were demanded by the evidence.
3. While the charge of the court was in some respects inaccurate and even erroneous, it was correct upon the controlling elements of