*C. H. & R. S. Cohen,* contra.

---

### GROOVER *et al. v.* WILKES.

1. In the trial of an action brought to recover of a grantee and another person land which had been conveyed by a deed containing a condition subsequent, it was error to admit, over the objection that it was hearsay, evidence of the sayings of the grantor, not made in the presence of the grantee, tending to show that the latter had failed to perform and meet the condition, upon the breach of which the deed would become void and a right of re-entry upon the part of the grantor would ensue. This ruling applies also to evidence of the sayings of a third person, tending to show a failure to perform upon the part of the grantee.

2. As the case is remanded for a new trial because of the error just pointed out, no opinion is expressed in regard to the sufficiency of the evidence to support the verdict.

AUGUST 21, 1916.

Equitable petition. Before Judge Sheppard. Liberty superior court. January 19, 1915.

*Way & Burkhalter,* for plaintiffs in error.

*Oliver & Oliver,* contra.

BECK, J.   An owner of land conveyed it by warranty deed to his grandson upon the expressed consideration of natural love and affection "and in consideration of support and maintenance of said [the grantor] and his wife." The deed contains this clause: "It is further provided herein that should the said [grantee] voluntarily refuse and fail to care for and maintain the said [grantor] and his wife, that fact will cancel, annul, and void this deed." The present action was brought by the administrator of the deceased grantor against the grantee, the basis of the suit being that the grantee had voluntarily failed to supply the care and maintenance for which he was obligated under the terms of the deed, and had thus committed a breach of the condition subsequent.

Upon the trial of the case a witness for the plaintiff was allowed to testify, over the objection that the testimony was hearsay, that he had gone to Dr. Mann for the purpose of having him visit the grantor and the grantor's wife; and that the doctor had replied that he could not go, that he had attended the grantor and given him medical attention as best he could, and that he had never received a cent as compensation.   Another witness was permitted to testify, over the same objection, that the grantor had said to witness that the grantee in the deed was not doing what he was to do, and that the grantee was to take care of the grantor and support him, and had not done it.   Another witness, over the same objection, was permitted to testify that J. W. Groover (the grantor) had said to witness that J. J. Groover (the grantee) had not done his duty to him; that he "had supported Jesse [the grantee] two years, him and his family, and when his money was gone he asked Jesse for food to help him, and he refused it."   And still another witness was permitted to testify, over the same objection, that the grantee did not support the grantor and his wife.   "The old gentleman [J. W. Groover] told him so.   .   .   He said that what J. J. Groover [the grantee] agreed to do was to support him and his wife, and that that deed would show that if he failed to support him and his wife the land would go back to his heirs at his death; he said that he had not carried out the first point.   He did not say what was the first one.   I supposed it was all about the same thing, that he had not carried out the first agreement, which he said was to support him and his wife."   Other testimony of a similar character was admitted.

The admission of this evidence over the objection stated was error. It would naturally tend to create in the minds of the jury the impression that the grantee in the deed had not observed the terms of the condition in the deed; and the evidence was purely hearsay.          *Judgment reversed. All the Justices concur.*