HILL, administrator, v. McLENDON.

PER CURIAM. An owner of land conveyed it by warranty deed to her nephew, upon the expressed consideration of love and affection, "and for the further consideration that the said [grantee] is to take care of and provide for in every way the said [grantor], and to make his home her home." After describing the land, the deed contains this clause: "This gift is to be revoked at any time in the event the said [grantee] should fail to take care of and provide for the said [grantor] as a son should his mother." The grantee moved upon the land and into the house occupied by the grantor, and for three years cared for and supported her. Thereafter the grantor moved away from the premises and into the home of a stranger in blood, and commenced the present action against the grantee to recover the land and mesne profits since the date of her removal therefrom, the basis of the action being that the grantee "has failed and refused to provide for your petitioner; and your petitioner has been dependent upon the charity of others for a livelihood and for the necessities of life since" the date of her removal from the land. Upon the trial of the case (the grantor having died and her administrator having been made a party plaintiff) the court refused to permit a witness for the plaintiff to testify that on the day the grantor left the home of the grantee and came to the home of the witness, she (the grantor) said to the witness that she (grantor) "could not live longer in the house with her nephew [grantee], for the reason that [the grantee] had threatened to beat her, and that [the grantee's] wife had also threatened to beat her or kill her; that [the grantee] had armed his wife with a stick and called [the grantor] a heifer, bitch, and other like terms, and had accused her of stealing; that her life was unbearable; and that she could not longer live at" grantee's house. Held:

1. The offered evidence was properly rejected upon the ground that it was hearsay. Groover v. Wilkes, 145 Ga. 714 (89 S. E. 761); Western & Atlantic Railroad Co. v. Beason, 112 Ga. 553 (2), 557 (37 S. E. 863).

2. Conceding that the evidence was admissible as tending to show that grantor did not voluntarily leave the home of grantee, and to explain her motive and conduct, it was nevertheless hearsay on the main issue, that is, whether grantee had in fact cruelly treated grantor; and there being no evidence tending to establish the main fact, the rejection of the evidence tending to explain grantor's conduct must be treated as harmless error.

3. There was no error in awarding a nonsuit.

Judgment affirmed. All the Justices concur, except Fish, C. J., absent.
No. 343.  FEBRUARY 25, 1918.

Equitable petition. Before Judge Worrill. Early superior court. April 2, 1917.

L. M. Rambo, for plaintiff.

Glessner & Collins, for defendant.