WILKES, administratrix, *v.* GROOVER *et al.*

ATKINSON, J. 1. This is the fourth appearance of this case. *Wilkes v. Groover,* 138 *Ga.* 407 (75 S. E. 353); *Groover v. Wilkes,* 145 *Ga.* 714 (89 S. E. 761); *Groover v. Wilkes,* 148 *Ga.* 794 (98 S. E. 503). In so far as any of the grounds of the motion for new trial relating to rulings of the court in admitting evidence or excluding evidence were sufficient to present any question for decision, the evidence referred to was not of such materiality as would render the rulings of the court with reference thereto cause for a reversal, even if certain of the rulings were not strictly correct.

2. The grounds of the motion for new trial complaining of the charge of the court and of a failure to charge without request, when considered in connection with the pleadings and evidence and the charge in its entirety as contained in the record brought to this court, show no cause for reversal upon any reason assigned.

3. The evidence was sufficient to support the verdict for the defendants, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Hines, J., disqualified.*

No. 3304.   SEPTEMBER 5, 1923.

Equitable petition. Before Judge Sheppard. Liberty superior court. April 15, 1922.

R. J. Groover and his brother, James J. Groover, called also "Jesse Groover," were grandsons of James W. Groover. The former lived in Tattnall County, Georgia, and the latter two lived in Liberty County, Georgia. On December 15, 1900, James W. Groover executed a deed to James J. Groover, purporting to convey a described tract of land located in Liberty County, containing 372 acres, more or less, on which was a farm and certain pine timber. The consideration expressed in the deed was "natural love and affection" and "support and maintenance" of the grantor and his wife. Immediately following the description of the land were the clauses: "It being understood and hereby provided that the said James J. Groover has no right to sell or otherwise dispose of the property herein conveyed during the lifetime of either the said James W. Groover or his present wife; it is further provided herein that should the said James J. Groover voluntarily refuse and fail to care for and maintain said James W. Groover and wife, that that fact will cancel and null and void this deed. It being further provided that the heirs of said James J. Groover by his present wife are to be beneficiaries under this deed." The deed was duly recorded on December 21, 1903. The wife died in 1908, and James W. Groover died March 8, 1909. On July 5, 1909, the land was sold as the property of James J. Groover under two fi. fas. issued from a justice's court, to P. H. Raiford; and on September 15, 1909, Raiford conveyed the land by quitclaim deed to R. J. Groover for $300. In August, 1910, the administratrix upon the estate of James W. Groover, who was a daughter of the intestate, instituted an action against James J. Groover and N. K. McNeill, to cancel each of the several deeds above mentioned, as clouds upon the title of the estate; to recover possession of the land; to enjoin the cutting of timber; to have a receiver appointed; and for general relief. R. J. Groover was made a party defendant by amendment. The action was founded on alleged breach of the condition as to care and maintenance of James W. Groover and his wife by James J. Groover, as expressed in the deed first above mentioned, and the consequent revesting of title in the grantor and his estate as against the grantee in such deed and those claiming title under him. James J. Groover filed a plea and a separate answer. R. J. Groover filed an answer. The allegations of the petition as to breach of the condition expressed

in the deed were denied by both defendants. In the answer of R. J. Groover it was alleged, that, in virtue of the sheriff's sale and P. H. Raiford's deed to R. J. Groover, title was vested in him; that although, for a considerable time after the James W. Groover deed was executed, James J. Groover, the grantee, was himself sick and " almost " disabled, he either himself, or by procurement of others to do so, provided all needful care and maintenance for James W. Groover and his wife until the death of both of them; that after James J. Groover had taken possession of the land under the deed from James W. Groover the sheriff's sale occurred, and plaintiff and " the heirs of . . said J. W. Groover, deceased, were fully aware of the said levy and sale, but none of them made any claim to said land or made any protest against the said sale or gave any notice of any title or interest claimed by them, or any of them, in or to said land or any part thereof;" that prior to the sheriff's sale James J. Groover had leased the timber on the land to A. L. Knight, who assigned the lease to H. G. Byrd, and Byrd sold the timber to McNeil, who is now on the land cutting and carrying away the timber; that the plaintiff and the heirs at law of James W. Groover had full knowledge of said lease and of the intention of McNeil to cut and carry away the timber, but did not make any protest against the lease or set up any claim to the land, or give any notice of any title or interest claimed by them in the land. A verdict was returned in favor of the defendants, James J. and R. J. Groover. The exception is to a judgment refusing the plaintiff a new trial.

*Oliver & Oliver,* for plaintiff. *A. S. Way,* for defendants.