ANIELA KWIATKOWSKI, as Executrix, etc., of STANISLAUS KWIAT-
KOWSKI, Deceased, Respondent, *v.* JOHN LOWRY, INC., Appellant.

Second Department, October 23, 1936.

*Bertrand L. Pettigrew*, for the appellant.

*Robert Abelow* [*Jay S. Jones* and *William H. George* with him on the brief], for the respondent.

JOHNSTON, J.   Plaintiff claims her testator, a carpenter foreman in the employ of a subcontractor, was injured at about ten A. M. on December 10, 1934, while he was working on the twenty-ninth floor of the International Building at Rockefeller Center, and he died on January 6, 1935, as a result of his injuries.   Defendant was in charge of the construction and was also the contractor for certain portions of the building, including the " protection and safeguarding " of the elevator shafts.   At the time of the accident the steel framework was erected to about the thirty-fourth story, and on December seventh the cement had been poured on the twenty-ninth floor.   At or near the place where the accident occurred there were shafts for four elevators.   The floor opening for these elevators was seventy-three feet long and fourteen feet wide.   Adjoining the shafts was a corridor sixteen feet wide. The defendant erected guards around the opening.   These guards consisted of two by four uprights and a two by four top rail and an intermediate rail and toe board.   The top rail, which was about four and one-half feet from the floor, projected two feet into the corridor.   Passage through the corridor was partly impeded by a pile of lumber three feet high and about four feet wide.   As the testator was proceeding along the corridor he picked up a canvas which was hanging over the guard, and as he stooped to pass under the canvas he struck his head against the projecting rail, which was concealed by the canvas.   The blow must have been a severe one, because he was thrown to his knees on the lumber.   He remained at his work that day and continued for several days thereafter.   Defendant admits it placed the lumber in the corridor and constructed the guard, but it denies the top rail projected into the corridor and the canvas was there at the time of the accident.

I believe the evidence presented an issue of fact as to whether defendant was negligent in failing to provide plaintiff's testator with a suitable and safe place to work, in view of the fact that the corridor through which it was necessary for him to pass was obstructed by the lumber and further obstructed by the projecting rail concealed by the canvas. I also believe it was for the jury to say whether testator's negligence was a proximate cause of his injury and whether he was guilty of contributory negligence.

Whether the injury sustained on December tenth was a competent producing cause of testator's death on January sixth presents a more serious question. Concededly death was caused by a brain tumor. Plaintiff admits the testator had a brain tumor and had suffered and been treated for headaches prior to the accident; but contends it was a benign tumor and was " lit up " by hemorrhage following trauma. It appears the hemorrhage causes the tumor to swell and produces intercranial pressure, resulting in death. Defendant, on the other hand, contends the tumor was malignant and the blow did not contribute to testator's death. Whether the headaches were caused by the tumor or were attributable to other ailments, it is difficult to say. Dr. Robillard, the assistant medical examiner, who performed an autopsy, removed the brain and found a localized growth about the size of a walnut encapsulated in the left temporal lobe. He said it showed evidence of hemorrhage of recent origin. Dr. Robillard and the other experts called by plaintiff testified a person may have a benign tumor for many years without suffering inconvenience, and in their opinion the " lighting up " of the tumor by the blow was a competent producing cause of death. Dr. Loverme, called by defendant, examined the testator on December thirty-first. He found no external evidence of injury and a neurological examination disclosed no abnormal findings. Dr. Globus, who examined a portion of the tumor removed by Dr. Robillard, found no ruptured blood vessels and no hemorrhage, but merely a condition common in any form of brain tumor. He and Dr. Chaney, also called by defendant, testified that if there had been a rupture of the blood vessels unconsciousness would result, and also in their opinion the blow did not contribute to testator's death. I believe the finding of the jury that the blow was the cause of testator's death is against the weight of the evidence and the judgment should be reversed. As there must be a new trial, we should consider whether the court erred in excluding evidence offered by defendant.

Defendant was not permitted to show oral and written statements or admissions made by the testator between December 10, 1934 — the date of the accident — and January 6, 1935 — the date

of testator's death. It is unnecessary to detail this evidence. In substance it consisted of conversations had with the testator several days subsequent to the accident, in which he made no report of the accident and no claim of injury. The court also excluded a statement signed by the testator eleven days after the accident, which purports to give an account of the accident and wherein he states he struck the front of his head on a temporary handrail as he was descending from the eighteenth to the seventeenth floor at ten A. M. and again at two P. M. on December 10, 1934. Concededly these declarations were not made under such circumstances as to form part of the *res gestæ*, so the question to be determined is: are they admissible in favor of the defendant as admissions? While the question is not free from doubt and has been decided differently in various jurisdictions, I believe the evidence was properly excluded. I know of no New York case, and none has been cited, wherein the precise question has been considered. The following courts have held the deceased's declarations inadmissible: *Murphy* v. *St. Louis, I. M. & S. R. Co.* (92 Ark. 159; 122 S. W. 636); *Marks* v. *Reissinger* (35 Cal. App. 44; 169 P. 243); *Hedge* v. *Williams* (131 Cal. 455; 63 P. 721); *Jacksonville El. Co.* v. *Sloan* (52 Fla. 257; 42 S. 516); *Louisville, Evansville & St. L. R. R. Co.* v. *Berry* (9 Ind. App. 63; 35 N. E. 565); *Pennsylvania Co.* v. *Long* (94 Ind. 250, 252); *Ohio & M. R. R. Co.* v. *Hammersley* (28 id. 371); *Eldridge* v. *Barton* (232 Mass. 183; 122 N. E. 272); *Dowell* v. *City of Raleigh* (173 N. C. 197; 91 S. E. 849); *Holmes* v. *Wharton* (194 N. C. 470; 140 S. E. 93); *Diaz* v. *Ind. Comm.* (80 Utah, 77; 13 P. [2d] 307); *Fitzgerald* v. *Town of Weston* (52 Wis. 354; 9 N. W. 13); *Poole* v. *East Tenn., V. & G. R. Co.* (92 Ga. 337; 17 S. E. 267); *Fisher* v. *Jansen* (128 Ill. 549; 21 N. E. 598); *Armil* v. *Chicago, B. & Q. R. Co.* (70 Iowa, 130; 30 N. W. 42); *Wade* v. *Illinois Cent. R. Co.* ([Ky. App.] 112 S. W. 1103); *Bionto* v. *Illinois Cent. R. Co.* (125 La. 147; 51 S. 98); *Johnston* v. *Oregon Short Line R. Co.* (23 Oreg. 94; 31 P. 283); *Louisville & N. R. R. Co.* v. *Stacker* (86 Tenn. 343; 6 S. W. 737); *Hardin* v. *St. Louis, Southwestern R. Co.* ([Tex. App.] 88 S. W. 440). In the first thirteen cases the evidence was offered by the defendant and in the remaining cases the evidence was offered by the plaintiff.

The courts in other jurisdictions have taken a different view. (*Hughes* v. *Delaware & H. Canal Co.*, 176 Penn. St. 254; 35 A. 190; *Helman* v. *Pittsburg, C., C. & St. L. R. Co.*, 58 Ohio St. 400; 50 N. E. 986; *Walker* v. *Brantner*, 59 Kans. 117; 52 P. 80; *Republic Iron & Steel Co.* v. *Indus. Com.*, 302 Ill. 401; 134 N. E. 754.) The decisions in the Iowa and Texas courts are conflicting. I believe it is safe to say that wherever the action for wrongful death in favor of the next of kin is a new action, created by statute and independent of

any right of action which the deceased had for personal injuries, it has been held his declarations are inadmissible unless they are part of the *res gestæ*. On the other hand, wherever the action for wrongful death is in succession of or in substitution for the deceased's right of action, it has been held his declarations are admissible. In this State it is well settled (although by recent amendments not applicable here the rule has been changed, Dec. Est. Law, §§ 119, 120, added by Laws of 1935, chap. 795) that the right of action which belonged to deceased while he lived was extinguished by his death, and the statute (Dec. Est. Law, § 130) did not revive it to create a new and independent cause of action in favor of his next of kin. (*Whitford* v. *Panama Railroad Co.*, 23 N. Y. 465, 470; *Matter of Meekin* v. *B. H. R. R. Co.*, 164 id. 145, 148; *Travelers Ins. Co.* v. *Padula Co.*, 224 id. 397, 402.) In *Hamilton* v. *Erie R. R. Co.* (219 N. Y. 343, 350) it was expressly held that the action for wrongful death created by the statute is original and not derivative and that the damages allowed are not for an injury to deceased's estate but for an injury, through the loss of him, to the estate of the beneficiaries. In *Lax* v. *Forty-second & Grand St. Ferry R. R. Co.* (46 N. Y. Super. Ct. [14 J. & S.] 448), relied upon by appellant, it would appear that the deceased's declarations, which were made soon after the accident, were held to be admissible solely because they were part of the *res gestæ*. In *Wheeler* v. *Sundstrom & Stratton Co.* (143 App. Div. 499, 501) the deceased's declarations were admitted for the same reason.

Since the instant action is to recover damages for an injury to the rights of the next of kin, and neither the deceased nor his estate has any interest in it, and there is no privity existing between the deceased and the next of kin in the latter's rights, I believe the declarations of the deceased are inadmissible.

The judgment should be reversed on the law and the facts and a new trial granted, costs to appellant to abide the event.

HAGARTY and ADEL, JJ., concur in result; LAZANSKY, P. J., and YOUNG, J., dissent and vote to affirm, being of the opinion that there was ample proof to justify a finding that the blow was the cause of testator's death.

As to the oral and written statements made by the testator between the time of the accident and his death, the court is of the opinion that such statements are not admissible.

LAZANSKY, P. J., YOUNG and JOHNSTON, JJ., concur; HAGARTY and ADEL, JJ., dissent.

Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event.