25538. CHRYSLER MOTORS CORPORATION v. DAVIS.
25574. GLYNN PLYMOUTH, INC. v. DAVIS.

222

Argued December 8, 1969—Decided March 10, 1970—
Rehearing denied March 25, 1970.

*Neely, Freeman & Hawkins, Joe C. Freeman, Jr., Thomas J.
Harper, Jr., Conyers, Fendig, Dickey, Fendig & Whelchel, J.
Thomas Whelchel,* for Chrysler Motors Corp.

*Bouhan, Williams & Levy, Walter C. Hartridge, II, Bennet,
Gilbert, Gilbert & Whittle, Wallace E. Harrell,* for Glynn Plymouth.

*Alaimo, Taylor & Bishop, Anthony A. Alaimo, James A.
Bishop,* for Davis.

Felton, Justice. We granted certiorari to review the rulings
and judgments of the Court of Appeals in these cases: *Glynn
Plymouth, Inc. v. Davis, Chrysler Motors Corporation v. Davis,*
120 Ga. App. 475 (170 SE2d 848). We repeat the statement
of facts preceding the opinions of the Court of Appeals and
the rulings of the court on the specific issues ruled on. The
issues defined by the Court of Appeals are clear and pinpointed
to such an extent that there can be no doubt what it meant
as to the sole issue determining whether its ruling is right or
wrong:

"James M. Davis had served as manager-president of Glynn
Plymouth, Inc., until February 15, 1966, at which time he
severed this connection to go into another business. On February 19, 1966, he purchased from Glynn Plymouth a 1966 Plymouth Belvedere station wagon which he had previously used
as a demonstrator and which his wife had also driven. On
March 3, 1966, Mr. Davis was returning to Brunswick from
Savannah traveling east on U. S. Highway No. 84 towards
a railroad crossing at approximately 60 m.p.h. when the red
blinker lights at the crossing began to flash indicating the approach of a train. Mr. Davis applied the brakes to the automobile, whereupon it veered off slightly to the right where the
right front wheel came onto the shoulder, and the automobile
then came back onto the highway, veered sharply to the left,

and came to rest in a ditch against the railroad embankment on the left side of the highway approximately four or five feet from the tracks. There were no witnesses to the collision other than Mr. Davis, who was hospitalized for injuries to his ankle and subsequently released. On April 21, however, he died from a blood clot which broke loose from the injured area and lodged in his lung.

"Mrs. Davis, plaintiff here, brought suit on April 27, 1967, for his wrongful death, alleging that Chrysler Motors Corporation had sold through Glynn Plymouth an automobile which was defective by virtue of improperly tightened suspension bolts and brake drums which were 'out of round.' It was contended that these defects caused Mr. Davis to lose control of the automobile; and liability was sought to be imposed upon Chrysler for negligence in selling the car with its manufacturing defects through Glynn Plymouth, and upon Glynn Plymouth for its negligence in failing to inspect, discover, and repair the defects.

"Upon trial both defendants made motions for directed verdict at the close of all the evidence, which were denied. The jurors were then unable to reach a verdict, and a mistrial was declared. Defendants now appeal from the orders overruling their respective motions for judgment notwithstanding mistrial, the statutory certificate having been obtained from the trial judge. *Code Ann.* § 6-701 (a) 2." P. 476.

The Court of Appeals ruled as to both defendants, now petitioners in certiorari, that there was no evidence to authorize a finding that the suspension system of the automobile in which the plaintiff's husband was riding when he was injured was defective. That left the questions (1) whether there was evidence to authorize a finding that both defendants were negligent as charged as related to the defective brakes and (2) whether the evidence was sufficient to show that the defective brakes were the proximate cause of the death of the plaintiff's husband. The Court of Appeals ruled that as to the first question just stated the evidence was sufficient to authorize a finding that the defendants were negligent as to the specifications of negligence as to defective brakes. The court went on to hold

that without the evidence introduced without objection as to what Mr. Davis, the deceased husband, told others in regard to the occurrence, there was not sufficient evidence of a causal connection between the defective brakes and the collision. There is no petition to this court for writ of certiorari to review this ruling and this leaves us with the question to decide in this case and that is, whether the declarations of Mr. Davis have any probative value, even if admitted without objection.

1. We hold that the declarations of the deceased husband of the plaintiff were hearsay, inadmissible under any exception to the hearsay rule, since they were self-serving and not a part of the res gestae and that, therefore, they were entirely without probative value which could be added to the evidence as to the proximate cause of the death to authorize a verdict for the plaintiff. The court, therefore, erred in overruling the defendants' motions for judgments in their favor notwithstanding the mistrial insofar as the self-serving purely hearsay evidence is involved.

The two underlying reasons for any exception to the hearsay rule are a necessity for the exception *and a circumstantial guaranty of the trustworthiness of the offered evidence*—that is, there must be *something present which the law considers a substitute for the oath of the declarant and his cross examination by the party against whom the hearsay is offered. . .* However, *the mere fact that a witness is dead does not render his declarations admissible, although,* if in addition to the death of a witness there are circumstances which attribute verity to his declarations, the hearsay rule may be relaxed to permit the admission of such declaration." 29 AmJur2d 554, Evidence, § 496, citing Matthews v. United States (CA5 Ga.) 217 F2d 409 (50 ALR2d 1187); Ferguson v. Smazer, 151 Conn. 226 (196 A2d 432); Baugh v. Grigsby (Mo.) 286 S. W. 2d 798 (58 ALR2d 607); Potter v. Baker, 162 Ohio St. 488 (55 Ohio Ops. 389, 124 NE2d 140, 53 ALR2d 1234). (Emphasis supplied.) "It is a general rule that self-serving declarations—that is, statements favorable to the interest of the declarant—are not admissible in evidence as proof of the facts asserted, regardless of whether they were implied by acts or conduct, were made

orally, or were reduced to writing. The rule which renders self-serving statements inadmissible is the same in criminal prosecutions as in civil actions. The vital objection to the admission of this kind of evidence is its hearsay character; the phrase 'self-serving' does not describe an independent ground of objection. *Such declarations are untrustworthy; their introduction in evidence would open the door to frauds and perjuries, and the manufacturing of evidence. The fact that the declarant has since died does not alter the general exclusionary rule."* 29 AmJur2d 674, 675, Evidence, § 621, citing Toney v. Raines, 224 Ark. 692 (275 SW2d 771); Truitt v. Truitt, 290 Ky. 632 (162 SW2d 31, 140 ALR 1127); Winter v. Gani (La. App.) 199 S. 600; Wachovia Bank & Trust Co. v. Wilder, 225 N. C. 114 (120 SE2d 404). (Emphasis supplied.) "Declarations of a deceased person as to his own age are admissible in evidence after his death, *provided such declarations did not affect favorably his own interest,* or that of his estate, in a controversy then existing. If the declarations *did so affect his own interest or estate, they are not admissible after his death, not because they are hearsay but because they were self-serving declarations."* 29 AmJur2d 573, Evidence, § 520, citing Landers v. Hayes, 196 Ala. 533 (72 S 106). (Emphasis supplied.) "Ordinarily hearsay testimony is not only inadmissible but wholly without probative value, and its introduction without objection does not give it any weight or force whatever in establishing a fact." *Higgins v. Trentham,* 186 Ga. 264 (197 SE 862) and citations. *Rabun v. Wynn,* 209 Ga. 80 (70 SE2d 745); *Smith v. Smith,* 206 Ga. 461 (57 SE2d 611); *Miller v. Everett,* 192 Ga. 26 (14 SE2d 449).

The Court of Appeals ruled in *Moore v. Atlanta Transit System,* 105 Ga. App. 70 (2) (123 SE2d 693) that "[t]he declarations of a decedent to whomsoever made are admissible in evidence if there are no other witnesses to the alleged occurrence, it being for the jury, under appropriate instructions, to determine their weight and credibility." We think that such a ruling is not in accord with the law enunciated by this court and many others, as well as the best authorities on evidence. The error in the decision is in the conception that a mere

showing of necessity is the only thing necessary to show the admissibility of the declaration. That fact, alone, is not enough to render the declaration admissible. The principal ingredient in this kind of evidence, required for its admissibility, is trustworthiness, and when the Court of Appeals took this requirement out, it took the heart out of the principle underlying the admissibility of such evidence.

The declaration of the deceased in the *Moore* case was totally untrustworthy. It was not a part of the res gestae; it was made long after her alleged injury; it was very much in the declarant's interest and the reason she gave for her injury was not the reason she gave in her suit against the Transit Company. She alleged a sudden start of the bus; her declaration was that the operator of the bus shut the bus door on her. The Court of Appeals was in error in holding that *Code* § 38-301 and *Code* § 38-309 do not contain the whole of the law of Georgia on the question of the requirement that declarations of persons since deceased must be trustworthy before they are admissible under the rule of necessity. The *Moore* ruling and those following it as a precedent for similar factual rulings are disapproved as being contrary to the following cases decided by this court, which list may not be exhaustive: *Drawdy v. Hesters,* 130 Ga. 161 (60 SE 451, 15 LRA (NS) 190); *Field v. Boynton,* 33 Ga. 239; *Massee-Felton Lumber Co. v. Sirmans,* 122 Ga. 297 (50 SE 92); *East Tennessee &c. R. v. Maloy,* 77 Ga. 237 (2 SE 941); *Poole v. East Tennessee &c. R. Co.,* 92 Ga. 337 (17 SE 267); *Western & ·A. R. Co. v. Beason,* 112 Ga. 553 (37 SE 863); *White v. Southern R. Co.,* 123 Ga. 353 (51 SE 411); *Wooten v. Wilkins,* 39 Ga. 223 (99 AD 456); *Blalock v. Miland,* 87 Ga. 573 (13 SE 551); *Lanier v. Huguley,* 91 Ga. 791 (18 SE 39); *Freeman v. Brewster,* 93 Ga. 648 (21 SE 165); *Hollis v. Sales,* 103 Ga. 75 (29 SE 482); *Groover v. Wilkes,* 145 Ga. 714 (89 SE 761); *Hill v. McLendon,* 147 Ga. 733 (95 SE 232); *State Banking Co. v. Miller,* 185 Ga. 653 (196 SE 47); *Higgins v. Trentham,* 186 Ga. 264, supra; *Hobbs v. Houston,* 190 Ga. 505 (9 SE2d 749); *Miller v. Everett,* 192 Ga. 26, supra; *Smith v. Smith,* 206 Ga. 461, supra; *Paris v. Paris,* 207 Ga. 341 (61 SE2d 491); *Fuller*

*v. Fuller,* 213 Ga. 103 (97 SE2d 306). Some of the above cases plainly state that self-serving declarations are not admissible. In the others, the ruling is necessarily implied. See also VI Wigmore on Evidence, p. 70, § 1720; Ibid., Vol. V, p. 202, § 1420; 2 Morgan, Basic Problems of Evidence, 222; Green, Georgia Law of Evidence, p. 503, saying in effect that to be admissible the declaration must show trustworthiness which makes it better than ordinary hearsay. The declarations in this case are unquestionably self-serving, else the Court of Appeals would not have disregarded the question of trustworthiness. The declarations tend to show that defective brake drums were a proximate cause of the collision. *Feagin v. Beasley,* 23 Ga. 17, and *Tilman v. Stringer,* 26 Ga. 171, are res gestae cases.

The judgment of the Court of Appeals is affirmed but not for the reasons stated. The judgment was based upon the ruling as laid down in *Moore,* supra, which this court hereinabove disapproves. The judgment rendered by the Court of Appeals was correct because the record reflects evidence which prima facie was part of the res gestae.

*Judgments affirmed. Grice, Nichols, Undercofler and Frankum, JJ., and Judges Claude Shaw and Dan Winn, concur. Almand, C. J., and Mobley, P. J., disqualified.*