At the close of the plaintiff's case and again at the close of the trial, the defendant's counsel moved to dismiss the complaint substantially upon the grounds: First. That the plaintiff had not shown himself free from negligence, but on the contrary, negligence of the plaintiff contributed to *Page 54 
the accident. Second. That there had been no negligence shown on the part of the defendant. The plaintiff was an infant of the age of ten years and upwards, and the injury was occasioned as is claimed by the negligence of the driver on defendant's horse railway car in the city of New York, in starting the car after he stopped for the plaintiff and his associates, two other boys, to get on before they had a full opportunity to do so. According to the version of the plaintiff and his witnesses, which must be regarded as correct upon appeal, the driver stopped the car and told the boys to jump on. They started to go to the back platform for that purpose and the driver then told plaintiff to jump on in front. He did so, and was on the first step and attempting to get on the second, when the driver struck the horses, the car gave a jog, knocked plaintiff off and his leg was injured so that it became necessary to amputate one of his feet. One of plaintiff's associates was also thrown off at the same time by the jar, and the other boy did not get on the car. The plaintiff, it is claimed, was negligent in attempting to get on the front platform of the car instead of the rear platform, as well as in attempting to get on the car while it was in motion. The question of contributory negligence according to the adjudications in this State, is generally a matter for the consideration of the jury, and unless such negligence is plainly and clearly made out, should not be withheld from them. It is not enough to authorize a nonsuit that the evidence would warrant the jury in finding that the plaintiff was negligent, and that his negligence contributed to produce the injury, but when it is in doubt from the evidence whether negligence is established, that question as we have seen must be determined by the judgment of the jury. (Thurber v.Harlem, B.M. and F.R.R.R. Co., 60 N.Y., 326.) The fact that the plaintiff jumped on the front platform of itself, and under the proof was not sufficient to establish negligence as a matter of law. He was bound to exercise proper care and caution and the prudence required of an infant of tender years, is to be measured by his maturity and capacity, and need be only of that degree which might be *Page 55 
reasonably expected in view thereof. (See case cited, supra.) Under the circumstances it is not clear that the plaintiff was chargeable with strict legal negligence. As is manifest, there was proof to show that he was invited by the driver to get on in front, and only followed his directions by so doing. The authorities are numerous, that persons who are traveling on a railroad car, are justified in following the directions or request of the employe in charge while he is engaged in the direct line of his duty, in assisting passengers in getting off and on a car, or in directing them while so doing. They may very properly assume that such employes are familiar with the operations of the cars, and have knowledge of what is required for safety and protection while giving such directions. (Filer
v. N.Y.C.R.R. Co., 49 N.Y., 47; S.C., 59 id., 351; Clark v.Eighth Av. R.R. Co., 36 id., 135; McIntyre v. N.Y.C.R.R.Co., 37 id., 287.) Having in view the rule referred to, the plaintiff was authorized to get on the car by the front platform, and unless he was negligent in so doing the act was no bar to a recovery. Whether he acted with such circumspection, prudence and care, as was demanded in following the directions given under the facts and circumstances proved, was a question of fact, and under the proof negligence, as a matter of law, could not fairly be imputed to him. Nor can it be claimed as an established, uncontradicted fact in the case, that the plaintiff made an effort to get on the car while it was in motion. The testimony on this subject was conflicting, all three of the boys testifying that the car was stopped, and it cannot be assumed, therefore, that the car did not stop.
The question arising as to the negligence of the defendant, was also properly left to the jury. Upon this subject there was evidence upon both sides, and it is not the province of this court when such is the case, to assume to determine where the weight of the testimony lies. The General Term have the power to review the facts for such a purpose, but if the verdict can be upheld in any view of the facts, this court cannot interfere. (Hazman v. The Hoboken Land and Improvement Co., 50 N.Y., 53;Hamilton v. Third Av. R.R. Co., *Page 56 
53 id., 25.) It follows, that the motion to dismiss the complaint was properly denied.
The request to charge that it was negligence for the plaintiff under the evidence to attempt to get on the platform, was properly disposed of by adding to the request the qualification if the jury believed he did so without the car stopping or being stopped.
The fourth and fifth requests to charge, were also properly modified and as thus corrected properly charged.
The eighth request, that there was no evidence in the case that the driver told the boys to jump on the front platform, was also properly refused as there was testimony as we have seen to that effect and the court properly submitted it for the jury to determine whether such language was used.
Even if it was clear that the damages were excessive, it is not the province of this court to interfere on any such ground.
The judgment was right and must be affirmed, with costs.
All concur; ANDREWS, J., absent.
Judgment affirmed.