By the Court.—Sedgwick, Ch. J.
The facts, which it was held constituted contributory negligence on the part of deceased, were, that at the time of the *452 occurrence, he was standing on the front platform of a horse car of defendant, and attempted to leave it while it was in such motion that it was against common prudence to make the attempt. The learned counsel for the respondents argued that section 46 of the “ Act to authorize the formation of railroad corporations, and to regulate the same,” passed April 3,1850 (3 Edm. Stat. 636), which provides, that “in case any passenger on any railroad shall be injured while on the platform of a car ... in violation of the printed regulations of the company posted up at the time in a conspicuous place inside of its passenger cars then in the train, such company shall not be liable for the injury, provided, &o.,” is to be applied to the car of a horse railroad. The peculiarities" of the language seems to indicate the opposite of this, and no case has been cited which sustains the proposition.
The law to govern is declared in the case of Clark v. Eighth Avenue R. R. Co. (36 N. Y. 135): “It is the duty of the passenger, on getting on board of a car, to place himself in a safe position therein, if he is able to obtain such position, and it is no excuse for him to place himself in an unsafe one, that the persons in charge know that it is unsafe, and do not drive him therefrom, when the unsafety is known to the passenger. That riding upon the steps of a street car is less safe than a seat inside, requires no proof. It is obviously so.” Itlnay also be held, that standing upon a front platform is, as to certain risks, obviously unsafe. The court, in the cited case, further said, “ that if the plaintiff made reasonable exertions to get inside of the car, and failed to do so, and was permitted by the driver and conductor to remain on the platform, he was not illegally there . . when it was impossible for him to get any other place.”
In Ginna v. Second Avenue R. R. Co. (67 N. Y. 596), it was, held, that under like circumstances, *453 although it may not be physically impossible to enter the car, riding upon a platform is not per se negligence, if the passenger cannot enter the car “ without great and unreasonable discomfort to himself and to the prior occupants of the car.” In both of the cited cases, the platform obviously exposed the passenger to a danger of the kind that was actually incurred, when there would have been no such danger to him, if he were inside of the car.
In the present case, the deceased, according to the evidence, was unnecessarily upon the front platform, and there was no evidence that he might not have seated himself in the car. By the rules that have been cited, he would .have been guilty of negligence that forbade this action being maintained, provided the accident that happened was of a kind he obviously was more exposed to from being on the platform, than he would have been in the car. In that case, his position would have contributed to cause the accident.
But there was evidence in the case that would have justified the jury in finding that immediately before the accident he had asked the driver to stop ; that the driver did stop the car; that the deceased began to alight, but before he had gained a footing on the ground, while he was in the act of alighting, the driver started the car negligently," and the negligence caused the deceased to be thrown down. If such were the facts, it cannot be held, as matter of law, that his having been standing on the platform contributed to cause the injury. If the car were motionless,.the getting from the front platform was no more dangerous than getting from the rear platform would have been. This, I think, should be deemed a matter of law. He must get from one platform or from the other. Neither has greater safety than the other. He would not have a choice between a place of safety and a place of danger. If the car had motion, unless the testimony incontro *454 vertibly showed that it was a dangerous motion, there would be a question for the jury as to whether in fact the motion was dangerous, and whether alighting from the front platform was not obviously more dangerous than alighting from the rear platform. Maher v. Central Park, N. & E. R. R. Co. (67 N. Y. 52), sustains in. principle what has been said in reference to a motionless car.
The plaintiff was entitled to go to the jury upon the testimony of Griaser. The testimony opposed to his was not so overwhelming that the jury did not have a right to believe him. They could have inferred from his testimony that the car was at a stand when the deceased began to step down. It would have been, of course, a question, as in Maher v. Central Park, N. & E. R. R. Co. (supra), whether the deceased was prudent or negligent in his manner of alighting.
In the course of the trial, the defendant was allowed to prove certain declarations of the deceased soon after the accident, which were, in substance, that he jumped off the front platform before the car had lessened its motion. It was .objected that this was incompetent, as against the plaintiff—who does not succeed to the action that, the deceased might have had in his .lifetime, but has an independent statutory action—and that it was hearsay testimony. I am of the opinion that they are admissible, as having been made by the deceased against his interest; he, of course, having full knowledge of the actual occurrence. (1 Greenl. Ev. § 147, et seq.). “The ground upon which this evidence is received is the extreme improbability of its falsehood (Id. § 148.). ”
But on the point first noticed, I am of opinion there should be a reversal of the judgment and a new trial ordered, with1 costs of the appeal to the appellant to abide the event.
Russell, J., concurred.