EMANUEL KRAMER ET AL.

V.

GEORGE J. FERRY ET AL.

*Removal of Causes—Jurisdiction of State Court—How Regained—Stat_ ute—Failure to File Transcript in Federal Court.*

1. A State court loses jurisdiction of a removable cause upon the entry of an order of removal, and can only re-acquire jurisdiction through an order of the Federal court remanding the cause under Sec. 5, Act of March 3, 1875.

2. Failure to file a transcript of the record in the Federal court does not operate to re-invest the State court with jurisdiction. Hence a certificate of the clerk of the Federal court to such failure, even if a part of the record, does not authorize the State court to proceed with the cause.

[Opinion filed December 18, 1888].

IN ERROR to the Superior Court of Cook County; the Hon.
ELLIOTT ANTHONY, Judge, presiding.

The record in this case shows a suit commenced by service
of summons, a declaration on a promissory note, an appearance
by the plaintiff in error, and, on February 3, 1885, a petition
in regular form by said plaintiffs in error for the removal of
the case to the United States Circuit Court for the Northern
District of Illinois.   A bond, as required by the United States
Statute, was filed and approved by the Superior Court, and on
February 4, 1885, an order was entered transferring the cause
to the United States  court, and directing that the clerk forth-
with transmit to said court a full and complete transcript of
all the papers and pleadings in the cause.   December 10, 1885,
there was filed in the Supreme Court a certificate of the clerk of
the United States Circuit Court that no transcript of the record
from the Superior Court in said cause was filed in said Circuit
Court since February 1, 1885; and on the same day, on motion
of attorney for the defendants, in the Superior Court, ordered
that this cause be, and is hereby, reinstated and redocketed,
and that the defendants are required to plead on or before the
coming in of court and opening thereof at 10 o'clock Saturday
morning next.   On December 12, 1885, default of the defend-
ants was entered for a failure to comply with the rule to plead,
and the court assessed the damages and entered a judgment
against them for $2,673, to reverse which the record is brought
to this court by writ of error.

Messrs. MOSES & NEWMAN, for plaintiffs in error.

No counsel appeared for the defendants in error.

MORAN, J. The petition shows a case coming clearly within
the provisions of the act of Congress authorizing the removal
of the cause from the State to the United State courts, and
all the proceedings for the removal having been formal and
regular, the State court, at the time it entered the order of
removal, lost all jurisdiction over the case.   Even if the court
had refused to enter the order, the case being one for removal

and the petition and bond sufficient, the State court would be ousted of jurisdiction, and proceeding therein by such court thereafter until the case should be remanded to it in accordance with the statute would be *coram non judice* and void. Gorden v. Langest, 16 Pet. 97; Stevens v. Phœnix Insurance Co., 41 N. Y. 149; Shaft v. The Phœnix Mutual Ins. Co., 67 N. Y. 54.

The case passed to the jurisdiction of the United States court, and, for anything that appears in this record, there it still remains.

The certificate of the clerk of the United States court can not be considered as part of this record; but if it could be, the matter would be in no manner changed. Failure to file a transcript of the record in the United States court can not reinvest the State court with jurisdiction of the cause. The act of Congress provides for returning certain cases to the jurisdiction of the State courts, as follows:

"When it shall be made to appear to the satisfaction of said Circuit Court at any time after such suit has been removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said Circuit Court shall proceed no further therein, but shall dismiss or remand it to the court from which it was removed, as justice may require." Sec. 5, Act of March 3, 1875.

Until there is an order in pursuance of the foregoing section remanding the case, it will, if once properly removed, remain within the jurisdiction of the United States court. Lawton v. Blitch, 30 Fed. Rep. 641.

The record presented shows that the State court lost jurisdiction of the cause and that it did not regain it, and it follows that, when the judgment was rendered against plaintiffs in error, the Superior Court was wholly without jurisdiction, and the judgment must be reversed.

*Judgment reversed.*