GEORGIA RAILROAD AND BANKING COMPANY *v.* FITZGERALD.

108   507
f111   590
e111   610

108   507
122   299

1. An admission by a person tending to show that a physical injury received by him and which subsequently resulted in his death was caused by an accident, and not by the negligence of a railroad company of which he was an employee, was admissible in evidence for the defendant on the trial of an action for the homicide of such person brought by his widow against that company.

2. On the trial of an action against a railroad company for a homicide alleged to have been caused by the negligent "kicking" of a car, it was, in the absence of evidence showing that a "running switch" and a

"kick" were the same thing, erroneous to admit in evidence against the defendant one of its rules which related exclusively to running switches. The more especially is this true if it affirmatively appeared from the evidence that the two things were essentially different.

3. While some of the charges excepted to may not have been precisely accurate presentations of the law, the only errors of sufficient importance to warrant the granting of a new trial are those dealt with in the preceding notes.

Argued June 9, — Decided July 26, 1899.

Action for damages. Before Judge Janes. Walton superior court. August term, 1898.

*Joseph B. & Bryan Cumming* and *H. D. McDaniel*, for plaintiff in error. *Henry C. Roney* and *William S. Upshaw*, contra.

Fish, J. 1. This was an action brought by a widow to recover damages for the homicide of her husband, an employee of the railroad company, who was killed while making an effort to couple cars. As has been expressly decided, her right to a recovery must necessarily depend upon a determination of the question whether or not "the husband, had he lived, would have had such right; and whatever would have been a good defense to his suit, had he lived, will be equally available against one brought by her." *Berry* v. *Northeastern Railroad*, 72 *Ga.* 137. In other words, she is to be considered in privity with the husband, in so far as her right to complain of his homicide is concerned. It follows, necessarily, that the company should have been permitted to show, by any competent evidence at its command, that the injuries sustained by him were occasioned, not by the alleged acts of negligence on its part of which complaint was made, but by other and wholly different causes. Section 5181 of our Civil Code provides in terms that "The declarations and entries of a person, since deceased, against his interest, and not made with a view to pending litigation, are admissible in evidence in any case;" while section 5193 undertakes to state the rule that "The admissions of privies in blood, privies in estate, and privies in law, are admissible as against" all persons with whom they are privity. Accordingly, we think that in the present case the defendant company should have been permitted to prove that the plaintiff's husband, in undertaking to state

the cause of his injuries, had "said he was making an effort to couple cars, and that his foot struck some obstacle on the track and he fell." Even were she not a privy in law with him, this evidence was admissible under the rule that "self-disserving" declarations made by a deceased person having peculiar opportunities to know the truth as to the matter under investigation may be proved even in cases between third parties, none of whom claim under or through him. *Field* v. *Boynton*, 33 *Ga.* 239; 1 Whart. Ev. § 226 et seq.; 5 Am. & Eng. Enc. L. 366, and cit.

2. The plaintiff alleged in her petition that her husband's death resulted from the negligence of the company's servants in "kicking" a car "from the train of cars at a high and dangerous rate of speed, which speed prevented a coupling from being made." At the trial she was permitted to introduce in evidence a rule of the company providing that "running switches shall not be made," notwithstanding the defendant objected to this evidence "on the ground that the petition undertook to specify the particular negligence complained of, and that the complaint was about 'kicking' and not about 'running switches,' that there were no allegations which would authorize such evidence, especially as it had been shown by the evidence that a 'kick' and a 'running switch' were radically different." We are of the opinion that this objection was well taken. Certainly the trial judge was not authorized, in the absence of proof to explain these purely technical and arbitrary terms, to assume to take judicial cognizance of their precise meaning; and more especially was it error so to do when it affirmatively appeared from the evidence introduced before him that these terms were not synonymous, but that they were employed to designate two things which were essentially different in character and manner of execution.

3. Some of the charges excepted to may be open to a number of the minor criticisms suggested by counsel for the plaintiff in error, but in the main they were correct expositions of the law, and the inaccuracies to which our attention has been called will doubtless be eliminated when the case again comes on for a hearing, which it must do because of the errors above pointed out. *Judgment reversed. All the Justices concurring.*