ABIE AMMERMAN, Respondent, v. UTILITIES OIL CORPORATION, Appellant.

First Department, February 3, 1928.

Negligence — actions — joint tort feasor — cross-examination showed plaintiff had received $500 from joint tort feasor — evidence was in mitigation — error to charge that receipt of money had no bearing on issues — settlement did not release defendant.

In an action to recover damages for negligence of the defendant and another person, the cross-examination of the plaintiff disclosed the fact that the plaintiff had received $500 from the other tort feasor. This evidence was brought out in mitigation of damages and was admissible for that purpose.

It was error, however, for the court to charge that the receipt of the money had no bearing on the issues involved in the action, for the jury had the right to take into consideration the amount paid by the other tort feasor in arriving at the amount of damages.

The settlement with the other tort feasor did not release the defendant from any further liability for there was no general release executed by the plaintiff without reservation of rights against the defendant.

The judgment is reversed unless the plaintiff stipulates to reduce the amount thereof by $500, in which event it is affirmed.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 14th day of March, 1927, and also from an order entered in said clerk's office on the 6th day of April, 1927.

*James A. Nooney* of counsel [*Joseph Force Crater* with him on the brief], for the appellant.

*Julius Blumenfeld,* for the respondent.

O'MALLEY, J. Evidence sufficient to sustain a finding of defendant's negligence and of plaintiff's freedom from contributory negligence was presented. Affirmance of the judgment would follow, were it not for prejudicial error committed.

The plaintiff had settled with another party claimed by him to have been jointly liable with this defendant and had received the sum of $500. This fact was elicited on plaintiff's cross-examination for the purpose, as indicated by defendant's counsel, of mitigating the amount of recovery against this defendant. For such purpose the evidence was entirely competent (*Knapp* v. *Roche,* 94 N. Y. 329, 334), and respondent's counsel now so concedes. At the close of the charge, however, he made the following request: " I ask your Honor to please charge the jury that the fact that the plaintiff

had settled for $500 with the other defendant in no way has any bearing on the issues involved in this case."

The court charged as requested and defendant's counsel duly excepted.

Notwithstanding this error into which the learned trial justice was led by respondent's counsel, he now seeks to sustain the recovery upon the theory that the defendant was not prejudiced. The evidence of damage, it is urged, was sufficient to support a much larger verdict. Hence, it is argued that we may infer that the jury, after all, did take into consideration the amount of the prior settlement.

With this we cannot agree. To do so would be to indulge in mere speculation. The jury were told that the settlement had no " bearing on the issues involved." One of such issues was the amount of the recovery, and we may not assume that the jury after hearing this specific charge immediately before retiring, considered it as bearing solely on the question of liability. In the circumstances the judgment should be modified by deducting therefrom the sum of $500.

The contention of appellant's counsel that such settlement entirely released the defendant is untenable. This would be so only in the event that the plaintiff gave a general release without reservation of his rights against this defendant. (*Walsh* v. *N. Y. C. & H. R. R. Co.*, 204 N. Y. 58, 64.) Here there was merely evidence of settlement, and no attempt on the part of the defendant to prove otherwise. In the case last cited there was evidence that the plaintiff had settled with another tort feasor. It was said: " It is urged that the word ' settled,' as used in this connection, imports a discharge or release which is the equivalent of a release under seal, and that in the absence of testimony tending to qualify or limit its extent and effect, it must be presumed to mean a settlement by which the defendant is discharged. We think that no such presumption should be based upon a word which has a variety of meanings, and which, as applied to legal proceedings or disputes between men, is defined as an adjustment of differences or accounts, or as coming to an agreement. * * * In the case at bar the plaintiff evidently used it in a colloquial sense to indicate that he had adjusted his differences with the Erie Railroad Company. He was under no obligation to make any proof on the subject of payment by any settlement with the Erie Railroad Company. These were matters of defense which it was the duty of the defendant to plead and prove. The plaintiff's general reference to the subject left the defendant's duty just where the law had placed it. To defeat the plaintiff's claim the defendant was bound to prove that

the former had not merely settled with the Erie Railroad Company, but that it had been done under circumstances which operated to discharge the defendant."

It follows that the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff within five days after service of a copy of the order to be entered herein, file a stipulation consenting to reduce the judgment by the sum of $500, in which event the judgment as so modified and the order appealed from are affirmed, without costs.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event, unless the plaintiff within five days after service of order file a stipulation consenting to reduce the judgment by the sum of $500, in which event the judgment as so modified and the order appealed from are affirmed, without costs.   Settle order on notice.