ANIELA KWIATKOWSKI, as Executrix of STANISLAUS KWIATKOWSKI, Deceased, Respondent, *v.* JOHN LOWRY, INC., Appellant.

Argued October 19, 1937; decided November 23, 1937.

*Bertrand L. Pettigrew* and *Chauncey L. Grant* for appellant. The evidence offered by the defendant as to oral and written admissions and admissions by conduct made by plaintiff's testator between the time of his alleged accident and the time of his death, was competent, and the exclusion thereof was reversible error. (*Lax v. 42nd, etc., R. R. Co.*, 46 N. Y. Super. Ct. Rep. [14 J. & S.] 448; *Wheeler v. Sundstrum & Stratton Co.*, 143 App. Div. 499; *Littlewood v. Mayor*, 89 N. Y. 24; *McKay v. Syracuse R. T. Ry. Co.*, 208 N. Y. 359; *LaGoy v. Director-General of Railroads*, 231 N. Y. 191; *Maxson v. Tomek*, 244

App. Div. 604; *Lord* v. *Pueblo Smelting & Refining Co.*, 12 Col. 390; *Hughes* v. *D. & H. Canal Co.*, 176 Penn. St. 254; *Georgia Railroad & Banking Co.* v. *Fitzgerald*, 108 Ga. 507; *Southern Bell Tel. & Tel. Co.* v. *Cassin*, 111 Ga. 575; *Walker* v. *Brantner*, 59 Kans. 117; *Helman* v. *Rwy. Co.*, 58 Ohio St. 400.)

*Robert Abelow, Jay S. Jones* and *Jack J. Gumpert* for respondent. Statements of a deceased in an action under section 130 of the Decedent Estate Law (Cons. Laws, ch. 13) are not admissible in evidence unless part of the *res gestæ.* (*Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 274; *Martin* v. *N. Y., N. H. & H. R. R. Co.*, 103 N. Y. 626; *Greener* v. *General Electric Co.*, 209 N. Y. 135; *Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435; *Martorella* v. *Prudential Ins. Co.*, 238 App. Div. 532; *Murphy* v. *St. L. T. M. S. Co.*, 92 Ark. 159; *Hedge* v. *Williams*, 131 Cal. 455; *Jacksonville El. Co.* v. *Sloan*, 42 So. Rep. 516; *Poole* v. *East Tenn. V. & G. Co.*, 92 Ga. 337; *Fisher* v. *Jansen*, 128 Ill. 545; *Pennsylvania Co.* v. *Long*, 94 Ind. 250; *Armit* v. *Chicago, B. & Q. R. Co.*, 70 Iowa, 130; *Wade* v. *Illinois Cent. Ry. Co.*, 112 S. W. Rep. 1103; *Bionto* v. *Ill. Cent.*, 125 La. 147; *Eldrege* v. *Barton*, 232 Mass. 183.)

CRANE, Ch. J. This is an action brought to recover damages arising out of the alleged negligence of the defendant causing the death of one Stanislaus Kwiatkowski. The case has been tried three times. The first trial resulted in a disagreement. On the second trial a judgment for the plaintiff was reversed by the Appellate Division on the ground that the verdict of the jury was against the weight of evidence. That court, however, held that the statements of the injured man shortly after the accident against his own interest were properly excluded. (See this opinion as reported 248 App. Div. 459.) The court reversed the judgment for the plaintiff on the ground stated, by a divided court, two of the justices dissenting. (See 251 App. Div. 850.) The

case has been retried, and the judgment for the plaintiff unanimously affirmed by the Appellate Division, which has certified to this court that a question is involved which we should review. That question is the materiality and competency of the excluded evidence, for on this third trial the oral or written statements of the injured man regarding the cause and nature of the accident were excluded. The point is not free from doubt, because of the conflicting statutes and decisions in the various States, so thoroughly reviewed and considered in the opinion of the Appellate Division, referred to. We, however, have come to a different conclusion, and shall proceed to state our reasons.

In the first place, these statements, made both orally and in writing by Stanislaus Kwiatkowski after his injury, were of such a nature that it is very doubtful whether he could have recovered in any action brought by him. All were to the effect that no such accident happened as claimed in this case, that his injuries, if any, were due to a different occurrence altogether, and were due to his own fault. This evidence presented more than mere casual statements; it consisted of full, complete accounts of the accident, a written statement of the place and time, with details and a description by the injured man, designating at the place how and under what conditions he was hurt. Six witnesses were called to testify to these facts, so that it readily appears that Kwiatkowski, if he had lived, would have been confronted with an almost impassable barrier to a verdict in his favor, or, in the words of our statute, the defendant would not have been liable in an action in favor of Kwiatkowski, if he had lived. Perhaps it might be more accurate to say that the defendant, as against Kwiatkowski living, would have had an excellent defense. Has the defendant, by reason of Kwiatkowski's death, lost this defense? We think not. First let us consider our own statutes and recent amendments.

Section 130 of the Decedent Estate Law (Cons. Laws, ch. 13) gives an action to an executor or administrator of a decedent who has left him surviving a husband, wife or next of kin, to recover damages for neglect by which the decedent's death was caused against a person who "would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." Nothing in this statute changes the rules of evidence as to liability or has attempted to do so. If the deceased in his lifetime had a cause of action for negligence and could have recovered thereon, the executor or administrator of the estate may maintain an action for the negligence causing his death. The executor or administrator, however, while given this right to maintain the action, can only recover in case the deceased could have recovered, had not death ensued. Always has it been permissible to show that the deceased could not have recovered in his lifetime because of his contributory negligence. (*LaGoy* v. *Director-General of Railroads*, 231 N. Y. 191, where it was held that the deceased was guilty of contributory negligence as matter of law, which prevented a recovery by his representative.) Admissions which would bar the injured man's recovery, if the jury believed the evidence, may be given in defense the same as evidence of contributory negligence or of settlement and release, or a recovery in an action brought by him. All these defenses have been held in our State to survive the death of the injured person, and to be sufficient bar to the recovery, if proved, in an action brought by the representative of the deceased.

*Littlewood* v. *Mayor* (89 N. Y. 24) held that a recovery had by the injured person in his lifetime prevented the administrator from maintaining an action for the same cause. The court said, through RAPALLO, J.: " It seems to me very evident that the only defense of which the wrong-doer was intended to be deprived, was that afforded him by the death of the party injured, and that it is,

to say the least, assumed throughout the act that at the time of such death the defendant was liable. In the present case the defendant does not answer the description of ' the person who would have been liable if death had not ensued.' It would not have been liable if the injured party were living, for the former judgment would be a complete bar. The statute may well be construed as meaning that the party who at the time of the bringing of the action ' would have been liable if death had not ensued ' shall be liable to an action notwithstanding the death " (p. 28). This opinion, written in 1882, forecasts as by prophecy the amendments to the laws which came in 1935, for Judge RAPALLO says, regarding the power of the Legislature to separate the liabilities, the following: " There can be no doubt that the Legislature had power to create the double liability contended for, nor would it necessarily involve any inconsistency. The damages of the party injured are different and distinguishable from those which his next of kin sustain by his death, and no double recovery of the same damages would result. But it is equally clear that the Legislature might give to the representatives the statutory right of action, only as a substitute for the damages which the deceased was prevented by his death from recovering, and the question now is, what was their intention in this respect? " (p. 27.)

In 1935 chapter 795 of the Laws of 1935 added sections 119 and 120 to the Decedent Estate Law. It permits the executor or administrator to bring an action for the injuries and expenses sustained by the deceased in his lifetime. This is for the benefit of the estate of the deceased, and the damages of course are limited to the damages and expenses which he sustained. For instance, a man might linger for a year or two after receiving injuries. The cause of action which he had for such pain and suffering and for expenses is not now lost by his death; it survives to his executor. This is a separate, distinct cause of action from that given under section 130,

where a different measure of damage is applicable, and which is for the benefit of the husband, wife or next of kin. In this action by the executor or administrator for the benefit of the estate of the deceased there is no doubt at all — in fact it is conceded — that the cause of action which thus survives is the original cause of action which the deceased could have maintained in his lifetime, limited somewhat by his death, in the amount of recovery. In such an action his admissions against interest would be competent as evidence for the defense. Even the courts which exclude the admissions in actions in behalf of the next of kin admit such evidence where the action is brought for the estate of the deceased. (*Eldridge* v. *Barton*, 232 Mass. 183, at p. 186; *Murphy* v. *St. Louis, I. M. & S. Ry. Co.*, 92 Ark. 159.)

If this be true, then what happens when we apply section 120 of the Decedent Estate Law? This reads: " Where an action to recover damages for personal injury sustained before the death of the injured person and a separate action for wrongful death pursuant to section one hundred and thirty of this chapter are pending against the same defendant, they may be consolidated on motion of either party." That is, they will be tried together as one action. How is it possible on such a trial to apply two different rules of evidence and before the same jury? The evidence of the deceased's admissions against interest would be admissible as to one cause of action, and be incompetent and excluded as to the other, if the rule of the courts below is to be applied. Of course this would be an impossibility. You cannot admit and exclude evidence in the same trial before a jury. You cannot hold it to be both good and bad, competent and incompetent in the same trial. And if it were done the result might and probably would be inconsistent verdicts; the defendant guilty of no negligence to the deceased in one case — guilty of negligence to the deceased in the other. Our statute says the defendant is liable to the next of kin only where he would have been liable to the

deceased if living. It is apparent, therefore, that whatever view other States may have taken regarding the admission of this class of evidence in death cases, we must and should admit it. Furthermore, by amendment to section 132 of the Decedent Estate Law: "In every such action now or hereafter pending, in addition to any other lawful element of the damages recoverable, the reasonable expenses of medical aid, nursing and attention incident to the injury causing death paid by the decedent or by a person entitled to the whole or a distributive share of the moneys recovered or for the payment of which such decedent or person is personally responsible, and the reasonable funeral expenses of the decedent, also shall be deemed proper elements of damage." Thus in every death case damages may include sums personal to deceased, in which instance his admissions would be competent for the defense.

*Littlewood* v. *Mayor* (*supra*) has been followed and was cited with approval in *McKay* v. *Syracuse Rapid Transit Ry. Co.* (208 N. Y. 359, 363), where the court said: "While the measure of damages is different (Code Civ. Proc. § 1904) the right of the personal representative to recover depends solely on the right of the injured person to recover, if living, unless we are to read something into the statute. We fail to perceive any reason to do that which could not be urged with equal force if the Legislature had in terms provided that in such case the action should not abate, but should survive to the personal representative for the benefit of the estate or the next of kin. Moreover, this court has once said (*Quin* v. *Moore*, 15 N. Y. 432), and once expressly decided (*Littlewood* v. *Mayor, etc., of N. Y.*, 89 N. Y. 24), that the condition upon which the statutory liability depends is the one expressed in the statute."

In 1880 the New York Superior Court, in *Lax* v. *Forty-second & Grand St. Ferry R. R. Co.* (14 Jones & Spencer, 448, 454), in an opinion by the Chief Judge, ruled as follows on this class of evidence: " In the course of the

trial, the defendant was allowed to prove certain declarations of the deceased soon after the accident, which were, in substance, that he jumped off the front platform before the car had lessened its motion. It was objected that this was incompetent, as against the plaintiff — who does not succeed to the action that the deceased might have had in his lifetime, but has an independent statutory action — and that it was hearsay testimony. I am of the opinion that they are admissible, as having been made by the deceased against his interest; he, of course, having full knowledge of the actual occurrence. (1 Greenl. Ev. § 147, *et seq.*) ' The ground upon which this evidence is received is the extreme improbability of its falsehood. (Id. § 148.) ' " This case apparently established the practice in the courts until the decisions in this case before us.

Such declarations have been held admissible in other States as against interest. (*Walker* v. *Brantner*, 59 Kans. 117; *Republic Iron & Steel Co.* v. *Industrial Commission*, 302 Ill. 401.) Other States have ruled such statements receivable upon the ground that the representatives of the deceased and the deceased are in privity (*Southern Bell Tel. Co.* v. *Cassin*, 111 Ga. 575; *Lord* v. *Pueblo Smelting & Refining Co.*, 12 Col. 390; *Helman* v. *P., 'C., C. & St. L. Ry. Co.*, 58 Ohio St. 400; *Hughes* v. *D. & H. Canal Co.*, 176 Penn. St. 254); and some have approved the admission of such evidence upon both grounds (*Georgia R. R. & B. Co.* v. *Fitzgerald*, 108 Ga. 507; *Hovey* v. *See*, 191 S. W. Rep. [Tex. Civ. App.] 606). In many jurisdictions statements of the deceased are held not to be admissible against his representatives in an action to recover for death by wrongful act. The grounds of exclusion are not always the same. (Cf. *Eldridge* v. *Barton*, 232 Mass. 183; *Hedge* v. *Williams*, 131 Cal. 455; *Marks* v. *Reissinger*, 35 Cal. App. 44; *Jacksonville Elec. Co.* v. *Sloan*, 52 Fla. 257; *Dowell* v. *City of Raleigh*, 173 N. C. 197; *Holmes* v. *Wharton*, 194 N. C. 470; *Murphy* v. *St. Louis, I. M. & S. Ry. Co.*, 92 Ark. 159; *Kansas City So. Ry. Co.* v.

*Leslie*, 112 Ark. 305; *Ohio & Miss. R. R. Co.* v. *Hammersley*, 28 Ind. 371.) Lack of privity between the deceased and his representatives is generally the ground of exclusion. It has also been held that such statements are not receivable as made against interest because deceased never had any interest in the subject-matter of the action (*Marks* v. *Reissinger*, 35 Cal. App. 44); " at that time he had no interest to serve or disserve " (*Dowell* v. *City of Raleigh*, 173 N. C. 197, 199); " the admissions of a deceased person against his interest are competent only when the action is for or against him in his own right." (*Kansas City So. Ry. Co.* v. *Leslie*, 112 Ark. 305, 328.) In some States the form of the statute influenced the decision. Whether such declarations are generally admissible in evidence depends upon our own statute and the decisions interpreting it, and decisions from other jurisdictions cannot point the way to a determination of the question.

As to the text writers, Professor Richardson, in his work on The Law of Evidence ([5th ed.] § 388, p. 296), says: " These declarations are admissible either as admissions, for the foundation of the action is the injury to the deceased for which he might have sued in his lifetime, or as declarations against interest. Decedent Estate Law, section 130; *Hughes* v. *Delaware & Hudson Canal Co.*, 176 Pa. 254." (See, also, 6 Thompson on Negligence, § 7738; 1 R. C. L. p. 502, § 42.)

For the reasons here given the admissions of Kwiatkowski were competent and should not have been excluded. In this opinion we are referring to evidence for the defense. The respondent has cited numerous cases where such evidence was sought to be given by the plaintiff as part of the *res gestæ*. The *res gestæ* rule has no relevancy here.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.