Per Curiam.

At the time of his accident on March 29, 1944, plaintiff’s intestate was crossing Lexington Avenue at its intersection with 86th Street, in the borough of Manhattan, city of New York. He was proceeding from east to west on or near the crosswalk on the north side of 86th Street. There was an issue of fact at the trial concerning whether he was hit by a northbound bus operated by defendant-appellant, or whether he cleared the front end of the bus and ran into the side of a truck, also northbound, which was driving on a course parallel to that of the bus but nearer to the center of Lexington Avenue. One eyewitness testified that he was hit by the bus; several eyewitnesses, including an expressman named Phillips who was riding on the truck, testified that he ran around the front end of the bus into the right side of the truck. After the accident, the decedent got up and walked to the Automat on 86th Street between Third and Lexington Avenues, where he met his wife, the plaintiff, by appointment for luncheon. He lived for more than two. years afterward, but died on August 21, 1946, from causes which, on the evidence, the jury could find were due to the accident.
In an action where the issue of fact was so sharply drawn, the judgment for plaintiff should be reversed and a new trial granted on account of the following errors in the admission of evidence: (1) the testimony of plaintiff should have been excluded that decedent told her at the Automat that he had been hit by the bus, which statement was not part of the res gestae and was inadmissible as a narrative of a past transaction (Ingersoll v. Liberty Bank of Buffalo, 278 N. Y. 1, 9; Handel v. New York Rapid Transit Corp., 277 N. Y. 548; Greener v. General Electric Co., 209 N. Y. 135); (2) the written statement signed by plaintiff and by decedent, Exhibit A, in which they stated that he had had another accident on July 13, 1944, should have been admitted in view of plaintiff’s inability to recall whether he had sustained such an accident, as bearing on the cause of his injuries (Kwiatkowski v. Lowry, Inc., 276 N. Y. 126, 134); and (3) the release, Exhibit B, signed by decedent reciting the payment to him of $2,500 by the owner of the truck on account of the same injuries, and reserving all rights against defendant herein, should have been admitted. There is no other evidence in the record of the payment of this money, which should have operated in mitigation of the damages sued for in decedent’s behalf under section 119 of the Decedent Estate Law (Ammerman v. Utilities Oil Corp., 222 App. Div. 481; Debtor & Creditor Law, § 233). That the owner of the truck had been abandoned as a *267 party to the action was not in itself material, nor was it significant that this document was in form a release (Debtor & Creditor Law, § 234), but it was a written admission by plaintiff’s intestate that he had received that much money on account of these injuries, which rendered it admissible like a receipt or any other kind of admission against interest (Kwiatkowski v. Lowry, Inc., supra). In the absence of other proof that this money had been paid, the release should have been received in evidence.
On the retrial, the expressman on the truck should be allowed to explain on redirect examination his statement at the Commissioner of Motor Vehicles’ hearing that the decedent contacted the corner of the bus, by stating anything which he may have testified to there that tends to qualify this apparent contradiction in his testimony.
The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.
Martin, P. J., Glennon, Dore, Callahan and Van Voorhis, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.