Matthew M. Levy, J.
This is a negligence action in which the plaintiffs have sued the defendants Kramer. The defendants have moved for leave to serve a supplemental answer. They seek to interpose an alleged partial defense based, in substance, upon the following allegations: While the plaintiffs were passengers in the Kramer vehicle as it traveled on a New Jersey highway, there was a collision with another vehicle operated by one Goerke. The plaintiffs were injured. They sued the Kramers in this action in New York; and they sued the Kramers and Goerke in the New Jersey court. The several defendants in the New Jersey action interposed cross claims against each other for contribution under the Joint Tortfeasors Contribution Law of that State (Judgment against Joint Tortfeasor; Contribution, tit. 2A, ch. 53A, § 3 [L. 1952, ch. 335, p. 1075, § 3]). The plaintiffs and Goerke settled the New Jersey action as between them for $6,500. The New Jersey court granted the plaintiffs leave to discontinue the suit there, without prejudice to their rights to continue the pending action here, and ordered that the respective cross claims by the defendants against each other for contribution under the New Jersey statute be stayed until the disposition of the pending action.
I recognize that, usually, the legal merits of a proposed defense would not be passed upon on an application for leave to interpose it. (Carmody on New York Practice, 7th [Forkosch] ed., § 380, p. 392.) That would normally await a subsequent direct attack. But, where — as I think is the case here — the new pleading is so patently unnecessary and so plainly insufficient, I see no reason to allow it and thus to require a motion to strike, which can but be granted, thus leaving the pleadings as they were. (Prashker on New York Practice [3d ed.], §§ 196, 200, pp. 350, 360.)
In my view, the defense sought to be asserted is clearly insufficient. Vis-a-vis the plaintiffs, on the one hand, evidence of the amount of the settlement obtained by them in New Jersey is competent, even under the present general denial, for the purpose of diminishing the amount of their recovery here (Ammerman v. Utilities Oil Corp., 222 App. Div. 481). *10 On the other hand, the right of contribution between the defendants in the New Jersey action cannot be determined unless and until the plaintiffs procure a judgment in the pending action; and when and after that eventuality occurs, the present defendants have a remedy against the other joint tortfeasor by such further proceedings as are permitted under the New Jersey act in that State, the issue as to which was expressly reserved pursuant to the order entered in that action.
The motion for leave to serve the supplemental answer is denied, and an order has been signed accordingly.