■ MADELEINE H. SHAUGHNESSY, as Administratrix of the Estate of GEORGE F. SHAUGHNESSY, Deceased, Respondent, v. CITY OF NEW YORK, Appellant, et al., Defendants.— Action by an administratrix to recover damages for the wrongful death of her intestate and for his conscious pain and suffering against the City of New York and two others. After the administratrix had discontinued the action against the city's codefendants, the court dismissed the city's cross complaint against those defendants, and the jury rendered a verdict in favor of the administratrix and against the city. The city appeals from the judgment entered thereon in favor of the administratrix against it, and dismissing the cross complaint against its two codefendants. So much of the appeal as is from the portion of the judgment which dismissed the said cross complaint has been withdrawn by stipulation. Judgment, insofar as it is in favor of the administratrix and against the appellant, reversed and a new trial granted, with costs to abide the event. The intestate left a tavern about 12:30 A.M. and was found lying in the roadway in front of the tavern a few minutes later. He was bleeding; his face was swollen, bruised and lacerated; his eyes were swollen and discolored, and he had bruises on his abdomen, on a leg, on a hip and on a thigh. He was admitted into a hospital a little more than an hour later and died there about three days thereafter. The theory upon which respondent prevailed is that her intestate tripped and fell because of a dangerous condition of the sidewalk and curbing. There was no eyewitness to the occurrence. One witness testified that the level of the earth between the sidewalk and the curb was depressed about four to seven inches below the top of the curb and that the intestate's toes were "hooked" to that side of the curbing, with the remainder of his body in the roadway. Other witnesses said that the body was entirely in the roadway. The exclusion from evidence of an oral statement made by the intestate to a physician at the hospital upon his admission there and of a certain part of the hospital record is reversible error. The oral statement was that he had received his facial injuries about 12 hours theretofore. The statement should have been permitted into evidence as an admission against interest (*Kwiatkowski* v. *John Lowry, Inc.*, 276 N. Y. 126) and as germane to the medical aspects of the situation (see *Williams* v. *Alexander*, 309 N. Y. 283). The excluded part of the hospital record was an entry that the intestate "admits to heavy drinking, over a pint of whiskey a day". This admission also related to the medical aspects of the situation, particularly in view of other entries in the record to the effect that the intestate was an alcoholic. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.