**Lewis CARPENTER, Appellant,**

v.

**Wilbur A. DAVIS, Mary Frances Davis, Leo
F. Hackman, Tulah B. Hackman, and
Thomas Grothoff, Respondents.**

No. 52845.

Supreme Court of Missouri,
En Banc.

Nov. 25, 1968.

William Duke Hiett, Houston, Cullen
Coil, Jefferson City, Carson, Inglish, Mona-
co & Coil, Jefferson City, of counsel, for
plaintiff-appellant.

Hendren & Andrae, Henry Andrae, Kelly
Pool, Jefferson City, for defendants-re-
spondents.

DONNELLY, Judge.

In this jury-tried action involving an in-
tersectional vehicular collision in Osage
County, Missouri, which occurred March
17, 1965, plaintiff seeks damages for the
death of his wife, Opal Carpenter. The
jury returned a verdict for defendants.
Plaintiff appealed.

The collision occurred at the intersection
of Highways 50 and 63. Highway 50 ex-
tends east and west. Highway 63 extends
south from its intersection with Highway
50. A stop sign and red light at the inter-
section govern vehicles traveling north on
Highway 63.

Opal Carpenter was a passenger in a car
driven by her brother, Loren Babbitt, in a
northerly direction on Highway 63. De-
fendant Thomas Grothoff was driving a
Central Dairy Truck in an easterly direc-
tion on Highway 50. The truck struck the
left side of the car near the center of the
intersection.

The parties have narrowed the issues on this appeal. The question is whether, in this negligence action, an opinion as to fault is admissible as a declaration against interest. We hold that it is not.

Defendant Grothoff testified as follows:

"Q Now, what did you do immediately following the collision?

"A I run over and checked the car. This man was laying up against—this 'woman was kinda turned around and this man was laying up against her, and—

\* \* \* \* \* \*

"Q (by Mr. Burruss) Did you have any conversation with the lady in the right front seat, Mrs. Carpenter, the lady who died?

"A Not at this time I didn't. I went and called the Highway Patrol and ordered an ambulance before I talked to anybody.

"Q All right. So you went to the car and looked in?

"A Yes, sir.

"Q But then you left this car, this Dodge Dart, is that right? A That's right.

"Q You went to call for assistance?

"A That's right.

"Q Where did you go to do that, Mr. Grothoff?

"A Willibrand's have a—has an outside pay telephone booth right next to its service station there, and I run over to it and I called the Highway Patrol.

"Q This is Willibrand's service station, right there at the intersection; is that right? A That's right.

"Q All right, sir. Then what did you do after you called the Highway Patrol?

"A Well, I had come back to the car and this time I went around to the other side of the car to where the lady was and she was trying to get out of the car, then.

"Q Did you have any conversation with her at that time?

"A Yes, sir, I did.

"Q And what did you say to her, Mr. Grothoff?

"MR. COIL: I object to this conversation. The witness is not—

"THE COURT: Step up, gentlemen.

(The following proceedings were had at the bench, outside the hearing of the jury:

"MR. COIL: The witness is not competent to testify to any statement—

"THE COURT: Suppose he makes his offer of proof and you make your objection?

"MR. BURRUSS: I want to show by this witness that he stated to the decedent, at this time, 'I'm sorry, lady, but you pulled right out in front of me.' And that she said to him, 'Yes. Yes, I know. It wasn't your fault.'

"I offer that as a declaration against interest.

"MR. COIL: I object to the offer on the ground this witness, being a party to the action, is not competent to testify to any statement made by the deceased person, and on the further ground that the proffered statement constitutes a legal conclusion and not part of the res gestae and is not a dying declaration.

"THE COURT: Are you sure he is going to testify to all that?

"MR. BURRUSS: All I can tell you, this is what the man said was said at the time and place.

"THE COURT: If he testifies to all that, I'll overrule the objection.)

"Q (by Mr. Burruss) Now, Mr. Grothoff, my question to you was, what did you say to the woman who later died, Mrs. Carpenter, at that time?

"A I said, I'm sorry, lady, you pulled right out in front of me.'

"Q What did she reply to you when you said that?

"*A She said, 'Yes, I'm sorry, its not your fault,' something like that—'Yes, I know,*

**384**

*it's not your fault,' I believe is what she said."*

Plaintiff contends the trial court committed reversible error in admitting in evidence the statement, italicized above, attributed by the witness to Opal Carpenter. In determining the question of admissibility of the statement, we must first recognize the difference between admissions against interest and declarations against interest.

"There is a vital distinction between *admissions* against interest and *declarations* against interest. Admissions against interest are those made by a party to the litigation or by one in privity with or identified in legal interest with such party, and admissible whether or not the declarant is available as a witness. Declarations against interest are those made by persons not a party or in privity with a party to the suit, are secondary evidence and constitute an exception to the hearsay rule, admissible only when the declarant is unavailable as a witness." Neely v. Kansas City Public Service Co., 241 Mo.App. 1244, 1247, 252 S.W.2d 88, 91.

We reach the following preliminary conclusions:

(1) The statement in question is: " 'Yes, I know, it's not your fault,' * * *." The statement of fact, " 'Yes, I know,' " will be admissible upon retrial, if offered alone, as a declaration against interest. Graham v. Stroh, 342 Mo. 686, 696, 117 S.W.2d 258, 262; Straughan v. Asher, Mo.App., 372 S.W.2d 489, 494–495. However, the balance of the statement is an opinion as to fault.

(2) This opinion as to fault would have been admissible as an *admission* against interest had Opal Carpenter survived and this were her action for damages for personal injuries. Grodsky v. Consolidated Bag Co., 324 Mo. 1067, 26 S.W.2d 618; Annotation, 118 A.L.R. 1230.

(3) This opinion as to fault is not admissible in Missouri as an *admission* against interest because it was not made by a party

to this action or by someone identified in legal interest with a party to this action. In McComb v. Vaughn, 358 Mo. 951, 956, 218 S.W.2d 548, 551, the Court stated: " * * * It seems to us deceased in his lifetime could not have had any identity as one in privity, in any legal sense, with plaintiff Lagatha in her new and distinct cause of action which arose and accrued to her only upon his death and only by virtue of statute."

In the Grodsky case, supra, this Court approved a ruling by the trial court admitting a statement by plaintiff that in her opinion someone other than defendant was entirely responsible for the accident. The Grodsky case involved an *admission* against interest. The declarant was a party. The question is whether the Grodsky holding should be extended to this case wherein declarant is not a party.

The Grodsky case, supra, and other cases involving *admissions* against interest, such as Costello v. M. C. Slater, Inc., Mo.App., 220 S.W.2d 947, cited by defendants, do not assist us in determining the question. They represent recognition, in an adversary proceeding, that a party should be held responsible for statements of fact or opinion, previously made, which conflict with the position taken by him in the judicial proceeding. Such statements may affect credibility and proof, and may aid the jury in arriving at the truth. In any event, the declarant is available in court to advance or defend his position.

An opinion as to fault in a negligence action is particularly susceptible to error. A witness at trial may, intentionally or otherwise, change a word and convey a meaning completely different from that intended by the declarant. An opinion as to fault may be ambiguous, and yet persuasive, where, as here, no opportunity exists for explanation or denial. In these circumstances, are the available safeguards sufficient to offset the risks of inaccuracy? We think not. See Wigmore on Evidence, 3rd Ed., Vol. V, § 1420; and McKelvey on Evidence, 5th Ed., § 258. We hold that

an opinion as to fault is not admissible as a *declaration* against interest.

The case of Costello v. M. C. Slater, Inc., supra, insofar as it may infer that an opinion as to fault, coupled with a statement of fact, is admissible as a *declaration* against interest, should no longer be followed.

The trial court prejudicially erred in permitting the jury to consider, as an exception to the hearsay rule, an opinion as to fault, attributed to one not a party.

The judgment is reversed and the cause remanded.

HOLMAN, C. J., and HENLEY and EAGER, JJ., concur.

FINCH, SEILER and STORCKMAN, JJ., each dissent in separate dissenting opinions filed.

FINCH, Judge (dissenting).

I concurred in division in an opinion substantially similar to the principal opinion herein. However, after reargument of the case before the court en banc I have concluded to dissent.

If Mrs. Carpenter had lived and had brought suit to recover for her injuries, the statement attributed to her by defendant Grothoff would have been admissible therein as an admission against interest. The principal opinion so recognizes. However, Mrs. Carpenter died and her husband seeks to recover for her death resulting from those same injuries. The principal opinion points out that Mrs. Carpenter, of course, is not a party to the present suit and that under the doctrine of McComb v. Vaughn, 358 Mo. 951, 218 S.W.2d 548, the cause of action by her husband is a new statutory cause of action and there is no privity between plaintiff Carpenter and

his deceased wife. On that basis, the opinion concludes that the statement in question is not admissible as an admission against interest. It further holds that the statement is not admissible as a declaration against interest on the basis that the words spoken constitute an opinion as to fault rather than a statement of facts or deductions from other facts related by declarant in the same conversation.

We thus have, under the principal opinion, the anomalous situation wherein the husband, seeking a recovery for death caused by injuries to his wife, may prevent the introduction in evidence of the statement made by his wife at the time, although such statement would have been admissible against the wife in her own suit to recover for those same injuries. As a result, the husband has a greater chance to recover for the death of his wife than she would have had to recover for her own injuries.

The rule excluding such statement in a suit by the husband on the basis of absence of privity seems highly technical and neither just nor logical. I have concluded that we should not permit such a result. I would hold that where a deceased has made a statement which would have been admissible against him or her as an admission against interest in an action for personal injuries, such statement also is admissible against one maintaining an action for death resulting from those same injuries, even though the death action is one created by statute. It seems to me that in this limited type of situation we could reasonably waive the requirement of privity. The husband really stands in the shoes of the deceased (even though the death action is created by statute). An alternative basis, of course, would be to hold that privity exists in such a situation.[1]

Accordingly, I would hold that the statement by Mrs. Carpenter made to Grothoff

---

[1]. Some states do find privity even though the death action is statutory. This was recognized in McComb v. Vaughn, 358 Mo. 951, 218 S.W.2d 548, 551. See, for example, Hovey v. See, Tex.Civ.App., 191 S.W. 606, and Georgia Railroad and Banking Co. v. Fitzgerald, 108 Ga. 507, 34 S.E. 316, 49 L.R.A. 175.

was properly admitted in evidence, and I would affirm the judgment.

SEILER, Judge (dissenting).

I respectfully dissent, because it seems to me the declaration before us, "Yes, I know, it's not your fault" made in direct response to the statement of the driver to the injured person, "I'm sorry, lady, you pulled right out in front of me", does contain the necessary circumstantial probability of trustworthiness to qualify it for admission as an exception to the hearsay rule, and does not run afoul of the opinion rule. As Wigmore states, Wigmore on Evidence, 3rd Ed., Vol. V, § 1422, the "* * * practicable substitute for the ordinary test of cross-examination * * *" as to declarations against interest is "Where the circumstances are such that a sincere and accurate statement would naturally be uttered, and no plan of falsification be formed." The entirety of what Mrs. Carpenter said meets this test.

As to the opinion rule, Wigmore points out that it should not apply to extra-judicial statements of deceased persons, anymore than it should to dying declarations, because the theory of the opinion rule "* * * is that, wherever the witness can state specifically the detailed facts observed by him, the inferences to be drawn from them can equally well be drawn by the jury, so that the witness' inferences become superfluous. Now, since the declarant is here deceased, it is no longer possible to obtain from him by questions any more detailed data than his statement may contain, and hence his inferences are not in this instance superfluous, but are indispensable", Wigmore, supra, Vol. V, §§ 1569 and 1447.

In addition, I doubt if Mrs. Carpenter's statement, under the circumstances, which I understood from oral argument were that the Carpenter car drove out in front of the dairy truck (a matter which Mrs. Carpenter as an occupant of the car would likely know about), is as much opinion as it is fact. As said in State v. Proctor (Mo.

Sup.) 269 S.W.2d 624, 630, 48 A.L.R.2d 724, "* * * what constitutes a statement of opinion or a statement of fact depends not alone upon the statement itself but upon the surrounding circumstances as well. * * *" I do not think it is a distortion to regard all of what she said as being drawn from facts immediately under her observation as to the operation of the car in which she was riding. No doubt under some circumstances an expression as to fault is not admissible as a declaration against interest. But it is too broad a rule in my opinion to say this is always the case, as the majority opinion indicates.

The fact that hindsight might indicate that Mrs. Carpenter may have been too harsh on herself in what she did say (if it should later prove by reason of some fact or facts unknown to her that it was Grothoff's responsibility despite her car pulling out in front of him) goes to the weight to be given to her declaration and would be a matter of argument to the jury, but should not affect its admissibility.

The majority opinion also seems to rest the exclusion of the fault part of Mrs. Carpenter's statement to some extent on the fear that the witness "at a trial may, intentionally or otherwise, change a word and convey a meaning completely different from that intended by the declarant". The possibility always exists, of course, that a witness may testify falsely or mistakenly. But usually we do not let this possibility keep out otherwise admissible evidence. If we did, very little oral testimony would ever be admitted. Rather than excluding evidence because of this possibility (as, for example, the testimony of interested parties was at one time excluded on the theory that they were likely to testify falsely) we should receive it, leaving its weight and value to be determined by other considerations. We can rely on cross-examination, the scrutiny to which the witness is subjected by the court and jury, and the efficacy of the investigation of the facts by counsel prior to trial, as our safeguards against falsity and mistake.

I would therefore hold that the trial court was correct in admitting the entire statement and would affirm the judgment.

STORCKMAN, Judge (dissenting).

I cannot agree that this court should undertake to divide the statement attributed to Mrs. Carpenter and indicate that the words "Yes, I know" be admitted on a re-trial. The speaker is dead and cannot be heard to deny, verify or explain. The statement comes to us through repetition by the truck driver, a party defendant. The principal opinion points out that: "A witness at trial may, intentionally or otherwise, change a word and convey a meaning completely different from that intended by the declarant."

We go a step further in this case. The statement was transcribed and *punctuated* by the court reporter. Punctuation can vary the meaning and the court should not be bound by the punctuation supplied by the court reporter. As reported in the transcript, the statement is: "Yes, I know, it's not your fault." If the second comma is omitted, the statement is: "Yes, I know it's not your fault." Or all punctuation could be omitted with the same result that the whole statement would unquestionably relate to an opinion as to fault.

In any event, it is quite speculative to say that the statement, or any part of it, is a factual declaration. The matter of punctuation, however, makes it more so and demonstrates that the statement should be rejected as an entirety.

I am further convinced that the statement, in whole or in part, is not admissible as a declaration against interest as an exception to the hearsay rule. Fairly definite standards have been established which must be met to qualify a statement as such an exception.

The principal opinion cites and quotes from the case of Neely v. Kansas City Public Service Co., 241 Mo.App. 1244, 252 S.W.2d 88, with respect to the distinction between admissions against interest and declarations against interest which is helpful. The Neely opinion also sets out standards to which a statement must conform to qualify as a declaration against interest which are as follows: "To be admissible such a declaration (a) must spring from the peculiar means of knowledge of the matter stated, (b) must be against the interest of the declarant at the time made, and (c) such interest must be so apparent as to have been presumably in the declarant's mind when made." 252 S.W.2d at page 91. The letters in parentheses are added for emphasis and easy reference. This statement from the Neely case is based on McComb v. Vaughn, 358 Mo. 951, 218 S.W.2d 548, 551, and other Missouri cases and textbooks. More recently the standards are recited and discussed comprehensively in Straughan v. Asher, Mo.App., 372 S.W.2d 489, at pages 494, 495 [5, 6]. By reason of her death Mrs. Carpenter is not available as a witness, but her alleged statement does not meet the other three standards imposed.

The declaration attributed to Mrs. Carpenter (a) "must spring from the peculiar means of knowledge of the matter stated". Mrs. Carpenter was not shown to have any "peculiar means" of knowing the position of the automobiles in the sense of being special or singular, such as the person who endorses a payment on a note or declares or disclaims his title to land. Mr. Grothoff or any bystander might have as good or better opportunity to observe the occurrence. Her means of knowledge would have to be inferred from her statement in conjunction with the self-serving statement of Mr. Grothoff. Furthermore, Mrs. Carpenter is not shown to have had knowledge sufficient to form an opinion as to whether the truck driver in the exercise of the highest degree of care could have slackened his speed or swerved in time to avoid the collision. In short, she is not shown to have any means of knowing whose fault it was.

Further, in order to be admissible, the declaration (b) "must be against the inter-

est of the declarant at the time made". The interest of the declarant must be either proprietary, pecuniary or perhaps a penal interest. 31A C.J.S. Evidence § 219; Moore v. Metropolitan Life Insurance Co., Mo.App., 237 S.W.2d 210, 212[4]. The only possible pecuniary interest that Mrs. Carpenter could have had was a cause of action against the truck owner and its driver. It is well settled in this state that a husband's action for the wrongful death of his wife is purely statutory and not derivative or in privity with the wife. McComb v. Vaughn, 358 Mo. 951, 218 S.W. 2d 548, 551[5]. In this case Mrs. Carpenter received serious injuries which caused her death. She had not asserted any claim and had no opportunity to do so.

The final requirement is that (c) "such interest must be so apparent as to have been presumably in the declarant's mind when made". There is no basis for any presumption that Mrs. Carpenter had in mind a lawsuit for her injuries at the time she was talking to Mr. Grothoff. The defendant driver's statement was self-serving and would ordinarily have been excluded. He had looked into the wrecked automobile and saw Mrs. Carpenter but apparently made no effort to extricate her before he left to call the highway patrol. When he returned she was trying to get out of the automobile in which she was trapped and fatally injured. That appeared to be her sole interest and concern. I would hold on these facts that the statement did not qualify as a declaration against interest. Her response was more in the nature of an amenity rather than giving attention to a pecuniary interest.

As previously stated, we are dealing with an exception to the hearsay rule. No Missouri decision has been found that justifies the admission of Mrs. Carpenter's statement as a declaration against interest or on any other basis. This is hardly a proper case in which to enlarge the scope of this exception to the hearsay rule. The

rule as presently recognized has received the careful scrutiny of this court on previous occasions and has been approved. It has functioned well and no need for a change has been demonstrated.

I would rule the statement inadmissible on the grounds that it is an entire expression of opinion as to fault and that it does not qualify as a declaration against interest. I would reverse and remand on both grounds.